■ FRESH POND ROAD ASSOCIATES, Appellant, v ESTATE OF JAMES S. SCHACHT, Deceased, et al., Defendants, and MICHAEL MOST et al., Respondents.—In an action, *inter alia,* for a judgment declaring the rights and relationships of the parties under a lease and a contract for the sale of real property, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Queens County (Graci, J.), dated October 29, 1985, which, *inter alia,* declared the contract of sale agreement between the defendant Linda Fisher and the plaintiff terminated, dismissed three of the plaintiff's causes of action pursuant to CPLR 3211 (a) (1), and severed the fourth cause of action, and (2) an order of the same court, dated December 9, 1985, which denied its motion for renewal and reargument of the decision upon which the order and judgment (one paper) was entered.

Order and judgment dated October 29, 1985, affirmed.

Appeal from the order dated December 9, 1985, dismissed. No appeal lies from the denial of a motion for renewal and reargument of a decision.

The respondents are awarded one bill of costs.

The plaintiff questions for the first time on this appeal whether the lease between the defendant Linda Fisher (hereinafter Fisher) and the defendant King Kullen Grocery Co., Inc. (hereinafter King Kullen) for the premises known as 84-05 Parsons Boulevard, Jamaica, New York, expired on September 30, 1975, or had been renewed under the two five-year renewal option periods. That question is not properly before this court. An appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance *(Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342, 349; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757, 758).

The plaintiff next questions whether the right-of-first-refusal clause in the lease remained part of the lease when King Kullen exercised the two five-year renewal options. Where parties to a lease containing a right of first refusal to pur-

chase the leased property have agreed at the time they entered into the lease upon a renewal option whereby the term could be extended by the tenant alone for an agreed additional period, the tenant may exercise that right at any time during that term *(cf. Gulf Oil Corp. v Buram Realty Co.,* 11 NY2d 223, 226). Since the lease herein contained renewal options which were solely the tenant's to exercise, we find that the right-of-first-refusal clause was part of the lease through September 30, 1985.

The agreement between defendant Michael Most (hereinafter Most) and King Kullen, entered into on May 16, 1985, was an assignment and not a sublease as the entire term remaining on the lease was transferred to Most and there was no reversionary interest remaining with King Kullen *(see, Gillette Bros. v Aristocrat Rest.,* 239 NY 87, 90). Because Most complied with the lease provision concerning assignments, the assignment was effective, and Most could validly exercise the right of first refusal in the lease. Most exercised that right within the time period specified in the lease and incorporated by reference into paragraph 17 of the contract of sale between Fisher and the plaintiff, and thus the contract of sale terminated by its own terms.

We have considered the plaintiff's other claims and find them to be without merit. Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.