■ HIGGINS ERECTORS & HAULERS, INC. et al., Respondents-Appellants, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY et al., Defendants; TOKYU CAR CORPORATION et al., Respondents, and JOHN R. L. YOUELL, on Behalf of Himself and Those Underwriters at Lloyd's of London Subscribing to Policy Number USN 1013 Issued to Niagara Frontier Transportation Authority et al., Appellants-Respondents

For its transportation system, the Authority ordered light rail cars from Tokyu Car Corporation. Tokyu engaged Higgins to deliver the light rail cars to the Authority by receiving them at a railroad terminal, delivering them by trailer to the Authority's site, unloading them from the trailer by crane, and setting them down upon the tracks of the Authority. During the course of lowering one of the cars to the tracks, the crane operated by Higgins caused the car to drop and sustain extensive damage.

Higgins contends that it was a subcontractor of Tokyu, which was a contractor for the Authority, and that as a subcontractor, it is an additional insured under the policy. The defendants-appellants contend that the understanding of the parties to the construction contract, as evidenced by the insurance manual and the change order to the construction

contract, was that deliverymen such as Higgins were not to be considered as contractors or subcontractors within the meaning of the policy. The insurance manual, incorporated by reference in the construction contract, and the change order to the contract between the Authority and Tokyu provided that "[v]endors, suppliers, material dealers and others who merely transport, pick up, deliver or carry materials, personnel, parts or equipment or any other items or persons to or from the Work Site shall not be considered Contractor(s), subcontractors or sub-subcontractors for purpose of insurance coverage."

Special Term held that the provisions of the insurance manual and of the change order could not be used to interpret the insurance policy because the provisions of the policy were unambiguous. We disagree. The words contractor and subcontractor, read in the abstract, are ambiguous. Although the word "contractor" may mean "anyone who contracts," it may also mean "one who contracts on predetermined terms to provide labor and materials and to be responsible for the performance of a construction job in accordance with established specifications or plans" (Webster's Third New International Dictionary [1967]). Since the words contractor and subcontractor, as used in the contract, are ambiguous and may have more than one meaning, they must be interpreted in light of the context in which they are used and in light of extrinsic evidence.

Here, the policy denominated as "All Risks Course of Construction Policy" was issued in connection with a construction project. In the construction industry the words contractor and subcontractor have a special meaning. They are distinguished from a "supplier" or a "deliveryman". Under the Lien Law applying to construction contracts, the terms contractor and subcontractor apply only to those engaged in the performance of the construction work (Lien Law § 2 [9], [10], [12]). Under the standard form of contract prepared by the American Institute of Architects, widely used in the construction industry, a subcontractor is one "who has a direct contract with the Contractor to perform a portion of the Work at the site" (Architect's Handbook of Professional Practice, AIA Document A 201, § 5.1.1 [1976]). With regard to construction contracts " 'Subcontractor' has a well defined meaning * * * and as used in its technical sense it means one who takes from the principal contractor a specific part of the work, and does not include laborers or materialmen" (17 CJS, Contracts, § 11).

The extrinsic evidence consisting of the insurance manual

made a part of the construction contract and the change order express the clear intent that plaintiff Higgins, as one who merely transports equipment to the work site, was not to be considered a subcontractor within the meaning of the "Course of Construction Policy", and thus was not to be an additional insured. Higgins was not a subcontractor since it was not performing any of the construction work under the contract, but was delivering equipment to the site and unloading it *(see, A & J Buyers v Johnson, Drake & Piper,* 25 NY2d 265).

Accordingly, the judgment appealed from is modified by declaring that Higgins was not an insured under the Encon policy on September 10, 1984, and by otherwise denying the motions of Higgins and Employers Insurance of Wausau for partial summary judgment. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—declaratory judgment.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.