■ EGIDIO T. ROSSI, Appellant, v C.C.O. EQUIPMENT, INC., Respondent. [607 NYS2d 432] —Casey, J. Appeal from an order of the Supreme Court (Lynch, J.), entered January 12, 1993 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action against defendant, the owner of the vehicle that he was operating in the course of his employment for Coyne Textile Services, Inc. (hereinafter Coyne). The action seeks damages for injuries sustained in an accident which occurred when a wheel fell off of the truck. Defendant interposed an affirmative defense of workers' compensation as plaintiff's exclusive remedy and moved for summary judgment dismissing plaintiff's complaint. In support of its motion, defendant submitted documentary evidence of the relationship between it and Coyne concerning the activity out of which plaintiff's claim arose and the sharing of profits, expenses and losses. We find, as did Supreme Court, defendant's showing sufficient to establish prima facie a joint venture between defendant and Coyne and, therefore, the exclusive remedy of workers' compensation is available as an affirmative defense to defendant (see, Buchner v Pines Hotel, 87 AD2d 691, affd 58 NY2d 1019). Plaintiff's response by attorney's affidavit, which lacks probative value (see, Region v Woodward Constr., 140 AD2d 758, 760, lv dismissed 72 NY2d 952), was insufficient to raise any factual issue in regard to the relationship of the parties.

On this appeal, plaintiff contends that Supreme Court erred in granting defendant's motion because the facts essential to any opposition are exclusively within the knowledge and control of defendant, and plaintiff has not had the opportunity to depose defendant's representative prior to defendant's motion. Plaintiff failed, however, to demonstrate the exercise of reasonable attempts to discover necessary facts (see, Newberg v Village of Great Neck, 151 Misc 2d 362, 365). From the joinder of issue, on or about January 27, 1992, until July 2, 1992, the date on which defendant's motion was returnable, plaintiff shows no effort made toward the taking of a deposition. Nor has plaintiff given any explanation of his failure to do so. Plaintiff's contention of lack of deposition was first made on

July 27, 1992, after the return date of defendant's motion, in a letter from plaintiff's counsel to Supreme Court. In these circumstances, Supreme Court correctly found the existence of a joint venture between defendant and Coyne, as a matter of law, and properly granted defendant's motion for summary judgment (see, Felder v Old Falls Sanitation Co., 47 AD2d 977, affd 39 NY2d 855).

Cardona, P. J., Mercure, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.