■ WILLIAM HENNEBERRY et al., Respondents, v CITY OF BUFFALO et al., Appellants and Third-Party Plaintiffs. HIGGINS ERECTORS & HAULERS, INC., Third-Party Defendant-Appellant. [615 NYS2d 153] —Order insofar as appealed from unanimously reversed on the law without costs and motions granted. Memorandum: Plaintiff William Henneberry (plaintiff) was assisting in the delivery of a light rail rapid transit car that was being moved from property owned by third-party defendant Higgins Erectors & Haulers, Inc. (Higgins) to property allegedly owned by defendant City of Buffalo (City). He was holding a "tag line" to steady the car as it was lifted over a fence separating the properties. "During the course of lowering [the car] to the tracks, the crane operated by Higgins caused the car to drop" *(Higgins Erectors & Haulers v Niagara Frontier Transp. Auth.,* 140 AD2d 982, *lv dismissed* 73 NY2d 851) and strike plaintiff. Plaintiffs commenced this action against the City and the Niagara Frontier Transportation Authority, the operator of

the rapid transit system, alleging liability under Labor Law § 240 (1) and § 241 (6). Defendants' and third-party defendant's motions for summary judgment on the section 240 (1) cause of action should have been granted because plaintiff was not engaged in any of the activities enumerated in the statute *(see, Vilardi v Berley,* 201 AD2d 641; *Vincent v Dresser Indus.,* 172 AD2d 1033, 1034, *lv denied* 78 NY2d 864). He was assisting in delivery of the car, which is not "erection, demolition, repairing, altering, painting, cleaning or pointing" (Labor Law § 240 [1]).

The IAS Court also should have granted defendants' and third-party defendant's motions for summary judgment on the section 241 (6) cause of action. Although the scope of section 241 (6) "is not limited to building sites" *(Mosher v State of New York,* 80 NY2d 286, 288), it is limited to "safety precautions during construction, excavation and demolition operations" *(Mosher v State of New York, supra,* at 287). Plaintiff was not engaged in any of the covered activities. (Appeals from Order of Supreme Court, Erie County, Glownia, J.— Summary Judgment.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.