■ TYRONE RIGGINS, Appellant, v WILBERT E. STONG, Respondent. [661 NYS2d 170] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint on the ground that the action is barred by the exclusivity provisions of the Workers' Compensation Law (*see,* Workers' Compensation Law § 11). Where, as here, an employee applies for and accepts workers' compensation benefits, he is deemed to have elected his remedy and thereby forfeits his right to proceed by way of common-law tort (*see, Cunningham v State of New York,* 60 NY2d 248; *Mera v Adelphi Mfg. Co.,* 160 AD2d 781, 782; *Martin v Casagrande,* 159 AD2d 26, 29-30, *lv dismissed* 76 NY2d 1018). Furthermore, an employee may not bring a common-law action against his employer as the owner of the property where the job-related injury occurred (*Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 158-159, *rearg denied* 52 NY2d 829; *Adams v Benderson Dev. Co.,* 207 AD2d 1024). We have no authority to condition defendant's entitlement to summary judgment upon the requirement that defendant satisfy the judgment awarded in the workers' compensation proceeding. (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Negligence.) Present—Denman, P. J., Green, Callahan, Balio and Boehm, JJ.

■ PATRICIA E. TINGUE et al., Appellants, v DRYDEN MUTUAL INSURANCE COMPANY, Respondent. [661 NYS2d 562] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in dismissing the complaint in this declaratory judgment action and in failing to declare the rights of the parties (*see, Tumminello v Tumminello,* 204 AD2d 1067). We therefore modify the judgment by reinstating the complaint and by granting judgment in favor of defendant declaring that defendant is not obligated to indemnify plaintiffs for damages in the actions brought by plaintiffs. (Appeal from Judgment of Supreme Court, Wayne County, Parenti, J.—Declaratory Judgment.) Present—Denman, P. J., Green, Callahan, Balio and Boehm, JJ.