■ ELIEZER GROSS et al., Respondents, v AETNA CASUALTY & SURETY COMPANY, INC., Appellant. [658 NYS2d 137] —In an action to recover benefits under an underinsured motorist indorsement of an insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), entered June 14, 1996, as granted that branch of the plaintiffs' motion which was for summary judgment on the first cause of action in the complaint in the principal sum of $280,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant contends for the first time on appeal that the subject insurance policy's $300,000 maximum limit of liability for accidents involving bodily injury to two or more persons is subject to the policy's $100,000 maximum limit of liability for all damages for bodily injury sustained by any one person in an accident. Accordingly, the plaintiffs were entitled to an award of only $180,000.

The defendant's claim is not properly before the Court. An appellate court should not, and will not, consider theories or questions not presented in the court of first instance, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance (see, Fresh Pond Rd. Assocs. v Estate of Schacht, 120 AD2d 561). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.