■ COMMERCIAL UNION INSURANCE COMPANY, on Behalf of EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., Appellant, v EASTERN REFRACTORIES COMPANY, INC., Respondent. [659 NYS2d 482] —In an action for a judgment declaring the rights and obligations of the parties under an insurance policy, the plaintiff appeals from (1) a judgment of the Supreme Court, Westchester County (Silverman, J.), entered July 24, 1996, which (a) denied its motion for summary judgment and (b) on the court's own motion, granted the defendant summary judgment declaring it to be a subcontractor under the subject insurance policy and thus entitled to complete coverage, and (2) an order of the same court, entered December 6, 1996, which denied its motion for reargument.

Ordered that the judgment is modified, on the law, by deleting the provisions which, on the court's own motion, granted summary judgment to the defendant and declared that the defendant was a contractor under the subject insurance policy and entitled to complete coverage; and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In late 1969, the defendant contracted with Robert A. Keasbey Co. to manufacture and deliver turbine blankets which were installed during construction of the Indian Point Nuclear Power Plant Unit No. 2 in Buchanan. A worker who installed turbine blankets at the power plant brought a personal injury action against the defendant, claiming asbestos-related injuries. In or about 1995, the defendant sought coverage for this potential liability from the plaintiff, whose predecessor had issued an insurance policy for the construction project. The policy covered certain named insureds, their subcontractors and sub-subcontractors. The plaintiff disclaimed coverage and commenced this action for a declaration that it was not required to defend or indemnify the defendant.

Thereafter, the plaintiff moved for summary judgment on the ground that the defendant was merely a supplier of materials, and not a subcontractor entitled to coverage under the policy. The Supreme Court determined that the defendant was a subcontractor and denied the plaintiff's motion. On its own motion, the court granted summary judgment to the defendant and declared that it was entitled to complete coverage under the policy.

The insurance policy does not include a definition of a subcontractor or a sub-subcontractor. "Generally, a subcontractor is regarded as one who assumes performance of some part of the contract, so that labor or other service, and not merely the furnishing of materials is involved" *(Dorn v Johnson Corp., 16 AD2d 1009, 1010; see also, A & J Buyers v Johnson, Drake & Piper, 25 NY2d 265; Higgins Erectors & Haulers v Niagara Frontier Transp. Auth., 140 AD2d 982; Neo-Ray Prods. v Boro Elec. Installation, 65 AD2d 687, affd 48 NY2d 781).* The evidence presented by the parties is insufficient to summarily determine whether the defendant was a subcontractor or sub-subcontractor entitled to coverage under the policy, as there are conflicting claims as to, among other things, whether the defendant provided some services on-site and whether the provision of turbine blankets in accordance with project specifications constituted a substantial part of the prime contractor's contract. Accordingly, the Supreme Court erred in declaring that the defendant was a subcontractor and that it was entitled to complete coverage under the policy.

In light of our determination, we need not reach the plaintiff's remaining contention that the Supreme Court erred in failing to consider its other defenses to coverage. In any event, the plaintiff raised these defenses for the first time in its motion to reargue, and an order denying a motion for reargument is not appealable *(see, Wodecki v Carty,* 167 AD2d 398). Mangano, P. J., O'Brien, Ritter and McGinity, JJ., concur.