JOSEPH S. BOYD, Appellant, v BETHLEHEM STEEL CORPORATION, Respondent and Third-Party Plaintiff. 7-7, INC., Third-Party Defendant-Respondent. (Appeal No. 1.) [665 NYS2d 490] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of third-party defendant, 7-7, Inc. (7-7), and the cross motion of defendant, Bethlehem Steel Corporation (Bethlehem), for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims. The record establishes that, pursuant to a blanket agreement entered into on May 17, 1990, 7-7 agreed to provide ongoing hazardous waste disposal services at Bethlehem's plant. The agreement provided that Bethlehem would identify the hazardous waste to be handled, processed and disposed of by 7-7 by issuing individual purchase orders. On November 20, 1990, Bethlehem issued a purchase order to 7-7 for disposal of coal tar that had accumulated in tanks No. 6 and No. 7 at Bethlehem's plant. The work involved removing the coal tar from the tanks and scraping the tanks clean. After its removal, the coal tar was processed by liquifying it in a roll-off container. The mixture was then vacuumed into a "vac truck", hauled to storage tanks and unloaded. If the storage tanks were full, the liquified coal tar was pumped from the vac truck into the roll-off container for temporary storage.

On July 24, 1991, plaintiff, an employee of 7-7, was "retransferring" the liquified coal tar back into the roll-off container from the vac truck. While standing atop two 2-foot by 6-foot planks positioned between two empty 55-gallon drums, plaintiff placed the hose from the vac truck into the roll-off container and intertwined the hose with the heater coils inside the container. He then directed his co-workers to turn on the pump on the vac truck. After the pump was activated, the heated coal tar began to flow slowly through the hose. A few seconds later, plaintiff heard a noise from the hose, which began to snake around and spew out hot tar. When plaintiff grabbed the end of the hose, it sprayed him with hot tar. Still holding the hose in his hand, plaintiff fell off the planks approximately four feet to the ground. Plaintiff threw the hose away from him and ran away, but the hose snaked around and hit him in the back, spewing hot tar on his body.

Because the process of disposing of the coal tar during which plaintiff was injured was the performance of "routine maintenance in a non-construction, non-renovation context", the Labor

Law § 240 (1) claim cannot be sustained (*Howe v 1660 Grand Is. Blvd.*, 209 AD2d 934, *lv denied* 85 NY2d 803; *see, Cosentino v Long Is. R. R.*, 201 AD2d 528, 529; *Edwards v Twenty-Four Twenty-Six Main St. Assocs.*, 195 AD2d 592). Moreover, that claim must fail because plaintiff's injuries resulted from plaintiff's exposure to the usual and ordinary dangers of a work site and not the extraordinary elevation-related risks contemplated by that statute (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491, *rearg denied* 87 NY2d 969; *Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843-844; *Smith v New York State Elec. & Gas Corp.*, 82 NY2d 781, 783; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501; *Groves v Land's End Hous. Co.*, 80 NY2d 978, 980).

The court also properly dismissed the Labor Law § 241 (6) claim. The scope of that section is limited to " 'construction, excavation or demolition work' ", and plaintiff was not engaged in any of those enumerated activities at the time he was injured (*see, Jock v Fien*, 80 NY2d 965, 968; *Henneberry v City of Buffalo*, 206 AD2d 882, 883; *Warsaw v Eastern Rock Prods.*, 193 AD2d 1115). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Doerr, Balio and Fallon, JJ.