■ WILLIAM B. McGUIRK, Appellant, v RUAN LEASING COMPANY et al., Respondents-Appellants, and SCRIVNER OF NEW YORK, INC., Respondent. RUAN LEASING COMPANY et al., Third-Party Plaintiffs, v HENRY DIESEL SERVICES, INC., Third-Party Defendant-Respondent. SCRIVNER OF NEW YORK, INC., Third-Party Plaintiff, v HENRY DIESEL SERVICES, INC., Third-Party Defendant-Respondent. [665 NYS2d 489] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured when he fell from a scaffold while removing decals from the side of a tractor-trailer owned by defendant third-party plaintiff Scrivner of New York, Inc. (Scrivner), a food distributor in Erie County. The accident occurred in a repair shop owned by defendant third-party plaintiff 3020 Clinton St., Inc. (3020 Clinton), and leased to defendant third-party plaintiff Ruan Leasing Company (Ruan Leasing), which had contracted with Scrivner to "maintain and service" its fleet of trucks. Plaintiff's employer, third-party defendant Henry Diesel Services, Inc. (Henry Diesel), was retained by Ruan Leasing to remove adhesive decals from a trailer Scrivner had purchased from another party, and Henry Diesel assigned plaintiff to the task. To reach the decals on the 13-foot-high trailer, plaintiff used a scaffold provided by Henry Diesel. Plaintiff fell six feet

to the ground and sustained injuries when the scaffold collapsed as he climbed it.

The complaint alleges causes of action against Ruan Leasing, 3020 Clinton and Scrivner for, *inter alia,* negligence and violation of Labor Law § 240 (1), and Scrivner asserted a cross claim for common-law indemnification against Ruan Leasing and 3020 Clinton. Plaintiff thereafter moved for partial summary judgment on his Labor Law § 240 (1) cause of action, and Ruan Leasing and 3020 Clinton cross-moved for summary judgment dismissing that cause of action and the cross claim of Scrivner.

Supreme Court properly granted that part of the cross motion of 3020 Clinton and Ruan Leasing for summary judgment dismissing the Labor Law § 240 (1) cause of action. As the court found, plaintiff, when injured, was engaged in routine maintenance in a nonconstruction, nonrenovation context, an activity that is not protected under Labor Law § 240 (1) *(see, Rennoldson v Volpe Realty Corp.,* 216 AD2d 912, *lv dismissed* 86 NY2d 837; *Howe v 1660 Grand Is. Blvd.,* 209 AD2d 934, *lv denied* 85 NY2d 803; *Cosentino v Long Is. R. R.,* 201 AD2d 528, 529).

We further conclude that the court properly denied that part of the cross motion seeking dismissal of Scrivner's cross claim for common-law indemnification against Ruan Leasing. Plaintiff testified at his deposition that an employee of Ruan Leasing instructed him on the placement of the scaffold from which he fell, thereby raising an issue of fact whether Ruan Leasing supervised and controlled his work *(see, Schelble v ADF Constr. Corp.,* 199 AD2d 973, 974).

The court erred, however, in denying that part of the cross motion seeking dismissal of Scrivner's cross claim for common-law indemnification against 3020 Clinton. There is no proof that 3020 Clinton, which owned the repair shop in which plaintiff was injured, supervised or controlled plaintiff's work or was otherwise responsible for the accident.

We therefore modify the order by granting that part of the cross motion seeking dismissal of Scrivner's cross claim against 3020 Clinton for common-law indemnification, and otherwise affirm. (Appeals from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Doerr, Balio and Fallon, JJ.