■ DAVID LAMM, Appellant, v JOHN M. LORE, JR., et al., Respondents. [668 NYS2d 805] —Order unanimously affirmed without costs. Memorandum: Plaintiff was injured when he fell from a chair lift during the course of his employment at a ski facility operated by Tamarack Ridge Ski Area, Inc. (Tamarack). At the time of his injury, plaintiff was inspecting cable lines, wheels and pulleys of the chair lift apparatus preliminary to performing maintenance work on the chair lift towers. Defendants are the owners of the property on which the ski facility is located. Although there was no formal election of officers, defendant John M. Lore, Jr. (also sued herein as John M. Lore), had acted as president of Tamarack since its incorporation and defendant Chalis Lore had acted as its secretary, in addition to providing general management, bookkeeping, clerical and secretarial services on behalf of Tamarack. Plaintiff received Workers' Compensation benefits and commenced this action under Labor Law § 240 (1) against defendants in their capacity as owners of the property. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff's action is barred by Workers' Compensation Law § 11. Plaintiff cross-moved for partial summary judgment. The parties stipulated to dismissal of the complaint against John, and Supreme Court granted the motion with respect to Chalis on

the ground that she was a fellow employee acting within the scope of her employment when plaintiff sustained his injuries. The court denied plaintiff's cross motion. Plaintiff appeals, and we affirm.

Chalis made a prima facie showing of entitlement to judgment by submitting evidentiary proof in admissible form demonstrating the absence of any material issues of fact (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Zuckerman v City of New York*, 49 NY2d 557, 562). Chalis established that she was a coemployee of plaintiff acting in the scope of her employment when plaintiff was injured, in addition to being an owner of the property where the ski facility is located. The burden then shifted to plaintiff, who failed "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action [citation omitted]" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). The cases of *McFarlane v Chera* (211 AD2d 764) and *Cusano v Staff* (191 AD2d 918) relied upon by plaintiff are distinguishable on their facts. Therefore, in the absence of a showing by plaintiff that this case is not barred by the Workers' Compensation Law, plaintiff is precluded from recovering against Chalis, whether under the Labor Law or for negligence (*see,* Workers' Compensation Law §§ 11, 29 [6]; *Heritage v Van Patten*, 59 NY2d 1017; *Werner v State of New York*, 53 NY2d 346, 351-352). Further, where "[d]efendant's duty toward plaintiff as a coemployee [is] indistinguishable from [her] duty toward him as a property owner, the action is barred by the exclusivity provision for coemployees in Workers' Compensation Law § 29 (6) [citations omitted]" (*Concepcion v Diamond*, 224 AD2d 189, 189-190; *see, Roll v Murphy*, 174 AD2d 1030).

Even assuming, arguendo, that plaintiff's action is not barred by the Workers' Compensation Law, we would nevertheless conclude that the court properly denied plaintiff's motion for partial summary judgment under Labor Law § 240 (1). Plaintiff was injured while performing routine maintenance, an activity not protected by the Labor Law (*see, McGuirk v Ruan Leasing Co.*, 244 AD2d 984; *Boyd v Bethlehem Steel Corp.*, 244 AD2d 983; *Rennoldson v Volpe Realty Corp.*, 216 AD2d 912, *lv dismissed* 86 NY2d 837). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Boehm and Fallon, JJ.