JOSEPH M. BABCOCK, Respondent, v ANDREW J. LAMB, Appellant. [668 NYS2d 856] —Order unanimously reversed on the

law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint in this personal injury action. Plaintiff seeks to avoid the exclusivity provisions of the Workers' Compensation Law by alleging that defendant was neither his employer nor a coemployee and that defendant's act of negligence in supplying a van with defective tires was not the act of a coemployee. In support of his motion for summary judgment, defendant submitted deposition testimony and other documentary evidence establishing that he and his wife were partners who co-owned the flower shop where plaintiff was employed and that plaintiff was injured in the course of his employment while delivering flowers. In addition, defendant submitted uncontroverted proof that plaintiff applied for and received workers' compensation benefits through his employer's workers' compensation carrier.

With limited exceptions not relevant here, workers' compensation is the sole and exclusive remedy available to an employee injured during the course of his employment as against his employer (*see,* Workers' Compensation Law § 11; *O'Rourke v Long,* 41 NY2d 219; *Mera v Adelphi Mfg. Co.,* 160 AD2d 781, 782; *Martin v Casagrande,* 159 AD2d 26, 28-29, *lv dismissed* 76 NY2d 1018). Moreover, where, as here, an employee applies for and accepts workers' compensation benefits, he is deemed to have elected his remedy and thereby forfeits his right to proceed by way of an action for common-law tort (*see, Cunningham v State of New York,* 60 NY2d 248; *O'Connor v Midiria,* 55 NY2d 538; *Werner v State of New York,* 53 NY2d 346; *Riggins v Stong,* 238 AD2d 950; *Mera v Adelphi Mfg. Co., supra,* at 782; *Martin v Casagrande, supra,* at 29-30). The workers' compensation defense precludes plaintiff from bringing this negligence action against a member of the partnership that was his employer (*see, Williams v Hartshorn,* 296 NY 49; *Baksh v Yassky,* 195 AD2d 356, 357; *see also, Heritage v Van Patten,* 59 NY2d 1017, 1019). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Callahan and Boehm, JJ.