■ MICHAEL ROTUNDO, an Infant, by His Parent and Natural Guardian, FASUTO ROTUNDO, et al., Appellants, v S & C MAGNETIC RESONANCE IMAGING P. C. et al., Defendants, and ALAN R. SITRON et al., Respondents. [681 NYS2d 68] —In an action, *inter alia*, to recover damages for medical malpractice, etc., the plaintiffs appeal from so much of (1) an order of the Supreme Court, Nassau County (Driscoll, J.), dated September 30, 1997, as granted those branches of the motion of the defendants S & C Magnetic Resonance Imaging P. C., Alan R. Sitron, and Patricia A. Ciluffo which were for summary judgment dismissing the complaint insofar as asserted against the defendants Alan R. Sitron and Patricia A. Ciluffo, and (2) a judgment of the same court, entered December 22, 1997, as is in favor of those defendants and against them, dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Alan R. Sitron and Patricia A. Ciluffo are denied, and the order dated September 30, 1997, is modified accordingly; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The respondents Alan R. Sitron and Patricia A. Ciluffo were granted summary judgment dismissing the complaint insofar as asserted against them on the ground that they had not participated either in conducting or interpretating the allegedly erroneous magnetic resonance imaging (hereinafter MRI) which was performed on the infant plaintiff, Michael Rotundo.

The Supreme Court erred in granting summary judgment dismissing the complaint insofar as asserted against the respondents individually (*see, Porcelli v Zapparo,* 140 AD2d 423). The MRI report interpreting the infant plaintiff's MRI scan, and distinctly bearing the respondents' names directly beneath its findings, constituted admissible documentary evidence sufficient to raise a triable issue of fact as to whether the respondents were involved in the allegedly erroneous interpretation of the MRI (*see, Porcelli v Zapparo, supra; see also, Martinez v Presbyterian Hosp.,* 186 AD2d 369).

Insofar as the respondents raise other arguments as a basis for the grant of summary judgment in their favor, those arguments are advanced for the first time on appeal and are not properly before this Court (*see, Ciesinski v Town of Aurora,* 202 AD2d 984; *Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561). "An appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance" (*Fresh Pond Rd. Assocs. v Estate of Schacht, supra,* at 561). O'Brien, J. P., Pizzuto, Joy and Goldstein, JJ., concur.