■ Donald P. Rosendale, Respondent, v Miles A. Galin et al., Defendants, and Magesty Capital Corp., Appellant. [698

NYS2d 884] —In an action, *inter alia*, to recover damages for breach of contract, the defendant Magesty Capital Corp. appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated October 2, 1998, as granted those branches of the plaintiff's motion which were for summary judgment on his second and third causes of action, and (2) so much of a judgment of the same court, entered October 8, 1998, as is in favor of the plaintiff and against it in the principal sum of $14,412 on the plaintiff's second and third causes of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The appellant contends that the plaintiff failed to establish his entitlement to summary judgment because a stock market report submitted in support of the motion did not constitute admissible evidence. However, this issue is raised for the first time on appeal, and is not properly before this Court (*see, Rotundo v S & C Magnetic Resonance Imaging,* 255 AD2d 573; *Gross v Aetna Cas. & Sur. Co.,* 240 AD2d 468). "An appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance" (*Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561; *see also, Rotundo v S & C Magnetic Resonance Imaging, supra*).

Furthermore, the Supreme Court properly found that the appellant's evidentiary submissions were insufficient to raise an issue of fact as to whether it made reasonable efforts to sell the plaintiff's securities. O'Brien, J. P., Krausman, Florio and Feuerstein, JJ., concur.