Fecteau, J.
The plaintiff, John H. Hartley (“Hartley") brought this action in negligence against defendants, R.E. Leveillee Woodworking, Inc., (“Woodworking, Inc.”) and Richard Leveillee (“Leveillee”), the president of Woodworking, Inc., regarding an injury sustained by the plaintiff in the course of his employment with Woodworking, Inc. Hartley asserts claims of negligence and of violations of G.L.c. 152 for failure to maintain workers’ compensation insurance.
The defendants are before the Court on their motion for summary judgment asserting that the law of New York properly governs this case and that under the applicable provisions of the New York Workers’ Compensation Law (NYWCL), plaintiff is barred from any recovery from either of the defendants. For the reasons stated below, defendants’ motion for summary judgment is ALLOWED.
BACKGROUND
At all relevant times, Hartley resided in Spencerport, New York. Woodworking, Inc. is a corporation with its principal place of business in Spencer, Massachusetts. Leveillee is an individual who resides in Spencer, Massachusetts.
On September 5, 1995, Woodworking, Inc. hired Hartley through his union hall. Hartley’s position included serving as a carpenter and installing wood fixtures in a store at the Eastview Mall in Victor, New York. Hartley claims to have been injured in the course of his employment with Woodworking, Inc., on September 6, 1995. At the time of the alleged accident, Hartley was a member of the Carpenters Union Local #85 in Rochester, New York.
Hartley filed a claim in New York with Arbella Mutual Indemnity Insurance for workers’ compensation benefits and received payments for approximately *112 seven weeks. Hartley also received welfare and social security benefits from the State of New York. Woodworking, Inc. received a Notice of Claim from the State of New York Workers’ Compensation Board.
At all times relevant hereto, Woodworking Inc., maintained workers’ compensation coverage with Arbella Indemnity Insurance. Arbella later determined, however, that the particular policy maintained by Woodworking, Inc. did not cover workers for injuries sustained in New York, and thereafter, ceased paying any benefits to Hartley. Hartley filed a claim for uninsured workers’ compensation benefits with the State of New York. Said claim was granted by the State of New York Workers’ Compensation Board on April 8, 1997.[1]
On September 3, 1998, Hartley filed a complaint against Woodworking, Inc. and Leveillee in Worcester County Superior Court in Massachusetts alleging, as to Defendant, Woodworking, Inc., negligence and vicarious liability under respondeat superior. Hartley also alleged failure to maintain workers’ compensation insurance as to both defendants.
DISCUSSION
To prevail on summary judgment, the moving party must establish that there is no genuine issue of material fact on every element of a claim and that it is entitled to judgment on that claim as a matter of law. See generally Mass.R.Civ.P. 56(c); Highlands Insurance, Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party has established the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its “pleadings and mere assertions of disputed facts ...” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Rather, the nonmoving party must respond by alleging specific facts demonstrating the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17.
I. Choice of Law
Massachusetts applies its own choice of law rules to determine whether its law or that of another state governs a particular issue. Greenwood Trust Co. v. Comm. of Mass., 776 F.Sup. 21, 69-70 (D. Mass. 1991), rev’d on other grounds, 971 F.2d 818 (1992), cert. denied, Massachusetts v. Greenwood Trust Co., 506 U.S. 1052 (1993). Massachusetts has adopted a functional choice-of-law approach to contract cases, as in tort cases, rather than having such a decision turn on a single element, such as the place of the making of the contract. Bushkin Associates, Inc., v. Raytheon Co., 393 Mass. 622, 630-31 (1985). Under this approach, the forum state applies the substantive law of the state with the more significant relationship to the transaction, looking at the interests of the parties, the states involved, and the interstate system as a whole. Bradley v. Dean Witter Realty, Inc., 967 F.Supp. 19, 25 (D. Mass. 1997); see also Bushkin, supra 393 Mass. at 631; Sargen v. Tenaska, Inc., 914 F.Supp. 722, 726 (D. Mass. 1996), aff'd, 108 F.3d 5 (1st Cir. 1997). In the present case, New York is both the lochs of the alleged injury as well as the state with the most significant relationship to the claim.
In Pevoski v. Pevoski, 371 Mass. 358, 359 (1976), the court reaffirmed that the lex loci delecti doctrine[2] was “a rational and just procedure for selecting the law governing the vast majority of issues in multi-State tort suits,” id. but expanded its choice of law analysis, stating that “another jurisdiction may sometimes be more concerned and more involved with certain issues than the State in which the conduct occurred.” Id. at 360. The next year, in Saharceski v. Marcure, 373 Mass. 304 (1977), the court affirmed a lower court’s ruling that the interests of the forum where both parties resided, where the plaintiff was hired and worked, and where the plaintiff received workers’ compensation benefits, outweighed the interest of the foreign state. 373 Mass. at 305-06. The court based its reasoning on a three part test which analyzed “the established relationship of the parties, their expectations, and the degree of interest of each jurisdiction whose law might be applied.” Id. at 310; see also Fraz v. Caufield, 22 Mass.App.Ct. 105, 108 (1986) (after examining “all of the substantial contacts” that the plaintiff had with the forum state, the court rejected plaintiffs attempt to apply a state’s law where the plaintiff had only minimal and temporary contact with that state, considering as a significant factor, the state in which the plaintiff had collected workers’ compensation benefits). The Saharceski court noted that the most significant factor in the choice-of-law consideration was the reasonable expectation of the parties. 373 Mass. at 310.
Applying the three-part standard established by Pevoski and Saharceski, supra to the facts of the current case, New York law must apply to plaintiffs claim. First, the relationship of the parties was carried out entirely in New York with the plaintiff having no contact with Massachusetts. The plaintiff was, at all times relevant to this matter, a resident of New York. Furthermore, he entered into a contract of employ *113 ment with the defendants while a member of a New York union hall. The subject matter of the contract was a construction job in New York, and the subsequent injury occurred in New York.
Second, in examining the expectation of the parties, Hartley never waived his New York workers’ compensation rights to elect a tort remedy at common law against the defendants. In addition, both the plaintiff and the defendants were under the mutual expectation that they would be protected by New York workers’ compensation law. Evidence of this fact is plaintiffs application for, and receipt of, workers’ compensation benefits from the State of New York.
The third factor, the interest of the respective states, also implicates New York as the state with the most significant relationship. All the relevant circumstances, including Hartley’s contract of hire, his job site, where he received his instructions, the location of his alleged injury, his diagnosis and treatment for his alleged injuries, his application for public assistance, the possibility of him and/or his defendants becoming further public charges, and his claim for workers’ compensation benefits took place in New York. Thus, New York has the superior interest in this claim. Hartley’s domicile is New York which has borne and will bear any social consequences of Hartley’s alleged injury. Furthermore, New York also has an interest in providing its residents with appropriate remedies for injuries allegedly sustained in the workplace, weighing the interests of its citizens and those doing business in New York.
In 1985, in Bushkin, supra, a contract case, the court explicitly rejected the lex loci delecti doctrine in favor of a functional choice-of-law approach and advised that “[o]ne obvious source of guidance is the Restatement (Second) of Conflict of Laws (1971).” 393 Mass. at 632. Factors under Section 6 that are said to be relevant to the choice of the applicable rule of law include: (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied. Restatement, supra, at §6(2).
New York has the most significant relationship to Hartley’s alleged injury; application of New York law would further the reasonable expectations of the parties and would reflect the goal of workers’ compensation law, i.e., to restrict the cost of industrial accidents and to afford a fair basis for predicting what those costs will be. New York also has a vested interest in preventing Hartley from circumventing its workers’ compensation law and receiving a double recovery for his injury. New York workers’ compensation law provides that compensation to the claimant is the sole and exclusive remedy in place of any other liability whatsoever. Hartley was awarded and received the benefits of a workers’ compensation award by the New York Workers’ Compensation Board. He now seeks to receive the additional benefit of a civil lawsuit in Massachusetts for the same alleged injury. Application of New York law would restrict Hartley to a single recovery as intended by the fundamental policies of workers’ compensation law.
Furthermore, “the contacts to be taken into account in applying the principles of Section 6 to determine the law applicable to an issue include: (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.” Restatement, supra, at §188(2). Every one of these factors rests exclusively with New York, except the domicile of the defendants. Hartley’s union hall was in New York, all employment negotiations occurred in New York, the contract was entered into, was intended to be, and was entirely performed in New York. The subject matter of the contract was a construction job in New York. Hartley has been at all times relevant to this matter, a resident of New York. He was injured, diagnosed, and treated in New York. Accordingly, New York has the more significant relationship to this transaction and New York law properly applies to this case.
A. New York Workers’ Compensation Law Bars a Claim against Woodworking, Inc.
The New York Workers’ Compensation Law (NYWCL) bars Hartley’s claim against Woodworking, Inc. and Leveillee. The NYWCL states that compensation “shall be exclusive and in place of any other liability whatsoever ... at common law or otherwise on account of such injury.” NYWCL at §11 (1996). An exception exists “if an employer falls to secure the payment of compensation for his or her injured employees ... an injured employee .. . may, at his or her option, elect to claim compensation under this chapter or to maintain an action in the courts for damages on account of such injury ...” Id. The statute is in the disjunctive in that an employee has the option of either seeking workers’ compensation benefits from the uninsured fund or resorting to the courts to remedy an injury allegedly sustained in the course of the employee’s employment. Once the employee has chosen which option to pursue, that choice operates as a bar against the other option. See, e.g. Babcock v. Lamb, 247 A.D.2d 903, 668 N.Y.S.2d 856 (4 Dept. 1998) (where employee applied for and received benefits from the uninsured fund under workers’ compensation law, he was deemed to have elected his remedy and forfeited any right to proceed by way of a tort action at common law); Talcove v. Buckeye Pipe Line Co., 247 A.D.2d 464, 668 N.Y.S.2d 666 (2 Dept. 1998) *114 (where plaintiff accepted workers’ compensation benefits from the uninsured fund following heart attack, he was barred by the finality and exclusivity provisions of the Workers’ Compensation Law from bringing a common law action against his employer); Thomas v. City of New York, 2139 A.D.2d 180, 657 N.Y.S.2d 634 (1 Dept. 1997) (employee’s claim for and acceptance of workers’ compensation benefits from the uninsured fund constituted an election of her remedy and barred her claim of disability).
In this case, Hartley applied for, and was awarded, workers’ compensation benefits from the State of New York uninsured fund. As such, he is deemed to have elected that option and is barred from pursuing a common law tort claim against either of the defendants.
B. NYWCL Bars a Common Law Suit Against Leveillee
Section 29(6) of the NYWCL bars a claim against a fellow employee. That statute provides that “(t]he option to maintain an action in the courts for damages based on the employer’s failure to secure compensation for injured employees . . . shall not be construed to include the right to maintain an action against another in the same employ . . .” NYWCL at §29(6) (1996). An owner or manager is considered an employee. Babcock, supra (claimant precluded from bringing claim against a member of the partnership which was his employer); Rossi v. C.C.Q. Equipment, Inc., 200 A.D.2d 933, 607 N.Y.S.2d 432 (3 Dept. 1994), leave to appeal denied, 84 N.Y.2d. 802 (claimant precluded from bringing action against owner of truck for whom claimant worked). See also Lamm v. Lore, 247 A.D.2d 878, N.Y.S.2d 805 (4 Dept. 1998); Cronin v. Perry, 244 A.D.2d 448, 664 N.Y.S.2d 123 (2 Dept. 1997). In this case, Leveillee was an owner/manager and a co-worker of the plaintiff, and therefore New York’s workers’ compensation law bars a common law suit against Leveillee. NYWCL at §29(6).
This argument is also supported by the Restatement (Second) Conflict of Laws, which states that:
(r)ecovery for tort . . . will not be permitted in any state if the defendant is declared immune from such liability by the workmen’s compensation statute of a state under which the defendant is required to provide insurance against the particular risk and under which (a) the plaintiff has obtained an award for the injury, or (b) the plaintiff could obtain an award for the injury, if this is the state (1) where the injury occurred, or (2) where employment is principally located, or (3) where the employer supervised the employee’s activities from a place of business in the state, or (4) whose local law governs the contract of employment. . .
Restatement, supra, §184 (emphasis added).
As discussed above, plaintiff applied for and was awarded workers’ compensation benefits in New York from the New York Workers’ Compensation Board. Under New York law, this award foreclosed Hartley from pursuing any other remedy against Woodworking, Inc. or Leveillee.
ORDER
For the following reasons, the defendants’ motion for summary judgment is ALLOWED.

Decision of the State of New York Workers’ Compensation Board dated March 12, 1999, rescinded a December 1, 1997 Memorandum of Decision and held that Leveillee was solely hable for Hartley’s workers' compensation claim.

The law of the place of the making [of the contract] or the happening [of the tort].