■ STEPHANIE MEDUGNO et al., Respondents, v CITY OF GLEN COVE, Appellant, et al., Defendants. [718 NYS2d 881] —In an action to recover damages for personal injuries, etc., the defendant City of Glen Cove appeals from so much of (1) an order of

the Supreme Court, Nassau County (McCaffrey, J.), dated October 22, 1999, as denied that branch of the motion of the defendants City of Glen Cove and the Glen Cove Community Development Agency which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) an order of the same court, dated February 10, 2000, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated October 22, 1999, is dismissed, as that order was superseded by the order dated February 10, 2000, made upon reargument; and it is further,

Ordered that the order dated February 10, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiff Stephanie Medugno seeks to recover damages for injuries allegedly sustained when she slipped and fell on ice caused by a leak in a garage owned by the appellant. The appellant moved for summary judgment on the ground that it did not have prior written notice of the allegedly dangerous or defective condition as required by City Charter of the City of Glen Cove § 4-5. Further, the appellant contended that, if it had such notice, the alleged defective condition was repaired prior to Mrs. Medugno's fall and the appellant received no additional written notice of a defective condition after the repairs were completed.

In opposition, the plaintiffs came forward with evidence demonstrating that the appellant had prior written notice. Further, contrary to the appellant's contention, there are triable issues of fact as to whether the repairs were completed or the defective condition remedied prior to Mrs. Medugno's fall. In concluding that there are issues of fact, we have not considered the computer generated printout of an alleged letter dated March 5, 1996, purportedly sent to the appellant by its contractor. The appellant correctly contends that the plaintiff did not substantiate that the alleged letter was ever sent.

To the extent the plaintiffs contend that an exception to the written notice requirement applies in this case because the appellant created the defective condition (*see, Amabile v City of Buffalo,* 93 NY2d 471, 474), that issue is unpreserved for appellate review since it was not raised in the Supreme Court (*see, Gross v Aetna Cas. & Sur. Co.,* 240 AD2d 468).

We have not considered the appellant's argument regarding the adequacy of the injured plaintiff's notice of claim which

was improperly raised for the first time before the Supreme Court in its reply papers (*see, Cumpston v Marcinkowska,* 275 AD2d 340). Altman, J. P., Goldstein, McGinity and Schmidt, JJ., concur.