INFRA-METALS COMPANY, Respondent, v DK INDUSTRIAL SERVICES CORPORATION, Defendant, and LAQUILA GROUP, INC., et al., Appellants. (And a Third-Party Action.) [991 NYS2d 353]—

In an action, inter alia, to recover on a bond filed to discharge a mechanic's lien, the defendants Laquila Group, Inc., and Yonkers 300, LLC, appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered August 15, 2012, as granted that branch of the plaintiff's motion which was for summary judgment on the second cause of action, which sought to recover on the bond filed to discharge the mechanic's lien, insofar as asserted against them, and denied that branch of their cross motion, made jointly with the defendant Liberty Mutual Insurance Company, which was for summary judgment dismissing that cause of action insofar as asserted against the defendants Laquila Group, Inc., and Yonkers 300, LLC, and (2) so much of a judgment of the same court dated October 22, 2012, as, upon those portions of the order, is in favor of the plaintiff and against them in the sum of $503,559.38, and the defendant Liberty Mutual Insurance Company separately appeals from so much of the judgment as, upon so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the second cause of action insofar as asserted against it and denied that branch of the cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it, is in favor of the plaintiff and against it in the sum of $503,559.38.

Ordered that the appeal by the defendants Laquila Group, Inc., and Yonkers 300, LLC, from the order entered August 15, 2012, is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was for summary judgment on the second cause of action insofar as asserted against the defendants Laquila Group, Inc., Yonkers 300, LLC, and Liberty Mutual Insurance Company is denied, and the order entered August 15, 2012, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgment (*see* CPLR 5501 [a] [1]).

Under Lien Law § 3, in order to be entitled to recover on a mechanic's lien, the materialman must furnish material to an owner, contractor, or subcontractor. "A person or entity who furnishes material to a materialman is not a materialman" (8-92 Warren's Weed, New York Real Property § 92.05 [3] [2014]; *see A & J Buyers v Johnson, Drake & Piper*, 25 NY2d 265, 271 [1969]). As the moving party, the plaintiff bore the burden of presenting "evidentiary facts showing the existence of a valid lien and that there were funds due and owing . . . to which the lien could attach" (*Bryan's Quality Plus, LLC v Dorime*, 112 AD3d 870, 870 [2013]; *see Tomaselli v Oneida County Indus. Dev. Agency*, 77 AD3d 1315, 1316 [2010]).

Here, the plaintiff failed to make a prima facie showing of its entitlement to judgment as a matter of law on the second cause of action, which sought to recover on a bond filed to discharge a mechanic's lien, insofar as asserted against the appellants. The plaintiff failed to establish, inter alia, that it was a materialman which provided materials to an owner, contractor, or subcontractor, and that the materials it allegedly supplied were used for the improvement of the real property at issue (*see Commercial Union Ins. Co. v Eastern Refractories Co.*, 240 AD2d 613, 614 [1997]; *Plattsburgh Quarries v Palcon Indus.*, 111 AD2d 1069, 1070 [1985]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action insofar as asserted against the appellants.

However, the Supreme Court properly denied the appellants' cross motion for summary judgment dismissing the second cause of action insofar as asserted against them, as they failed to make a prima facie showing of their entitlement to judgment as

a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The appellants' contention that they are entitled to summary judgment dismissing the second cause of action insofar as asserted against them on the ground that the plaintiff is not a materialman entitled to recover under Lien Law § 3 is raised for the first time on appeal and is not properly before this Court (*see Gross v Aetna Cas. & Sur. Co.*, 240 AD2d 468, 469 [1997]). The contention of Laquila Group, Inc., and Yonkers 300, LLC, that the plaintiff is not entitled to bring an action in New York because it is an unauthorized foreign corporation doing business in New York is also improperly raised for the first time on appeal (*see* Business Corporation Law § 1312 [a]; *Household Bank [SB], N.A. v Mitchell*, 12 AD3d 568 [2004]). Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.