■ FREDERICK J. TALCOVE et al., Appellants, v BUCKEYE PIPE LINE COMPANY, Respondent, ERIC W. SUSTAD, Respondent-Appellant, et al., Defendant. [668 NYS2d 666] —In an action to recover damages for libel, intentional infliction of emotional distress, and negligent infliction of emotional distress, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Mastro, J.), entered December 5, 1996, as granted the motion of the defendant Buckeye Pipe Line Company to dismiss the amended complaint and all cross claims insofar as asserted against it, and the defendant Eric W. Sustad cross-appeals from so much of

the same order as dismissed his cross claim against the defendant Buckeye Pipe Line Company.

Ordered that the order is modified by deleting the provision thereof which granted that branch of the motion of the defendant Buckeye Pipe Line Company which was for summary judgment dismissing the cross claim asserted against it by the defendant Eric W. Sustad, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Having accepted Workers' Compensation benefits, the plaintiffs are barred by the finality and exclusivity provisions of the Workers' Compensation Law from bringing a separate common-law action against the employer of the injured plaintiff, Frederick Talcove (*see, DiSpigna v Lutheran Med. Ctr. Parking*, 170 AD2d 645; *Orzechowski v Warner-Lambert Co.*, 92 AD2d 110).

The Supreme Court erred, however, in dismissing the cross claim asserted by the defendant Eric W. Sustad, the co-employee of the injured plaintiff, against their employer, the defendant Buckeye Pipe Line Company (hereinafter Buckeye), as neither of the basic requirements of collateral estoppel was satisfied. The cross claim does not seek to relitigate the identical issue, that is, the cause of the injured plaintiff's heart failure, and the codefendant Sustad, a nonparty to the Workers' Compensation Board proceeding, did not have a full and fair opportunity to contest the earlier determination (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 665-666).

Contrary to Buckeye's contentions, the contribution claim in this case is not barred by the 1996 amendment of Workers' Compensation Law § 11 (L 1996, ch 635, § 2) since that amendment applies prospectively (*see, Morales v Gross*, 230 AD2d 7). Bracken, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.