■ RICHARD J. BARTEK, JR., et al., Respondents-Appellants, v CAROL L. MURPHY, Individually and Doing Business as MURPHY ORCHARDS, Appellant-Respondent and Third-Party Plaintiff-Appellant. GLENN H. BENEDICT, Individually and Doing Business as GLENN H. BENEDICT CONSTRUCTION COMPANY, Third-Party Defendant-Respondent. [697 NYS2d 801] —Cross appeal unanimously dismissed and order affirmed without costs. Memorandum: On December 3, 1994, defendant-third-party plaintiff, Carol L. Murphy, entered into an agreement with third-party defendant, Glenn H. Benedict, to reinforce the roof of her barn. On December 19, 1994, plaintiff Richard J. Bartek, Jr., an employee of Benedict, was injured when he fell 20 feet from scaffolding. Plaintiffs commenced an action against Murphy, individually and doing business as Murphy Orchards, on March 19, 1997, alleging, *inter alia,* violations of Labor Law § 240 (1) and (2). Murphy commenced a third-party action against Benedict, individually and doing business as Glenn H. Benedict Construction Company, on September 23, 1997, seeking common-law indemnification.

Supreme Court properly granted plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (*see, Fichter v Smith,* 259 AD2d 1023, *lv dismissed in part and denied in part* 93 NY2d 994). The court also properly denied Murphy's cross motion for summary judgment on the third-party complaint and granted Benedict's cross motion for summary judgment dismissing the third-party complaint. Contrary to Murphy's contention, Workers' Compensation Law § 11, enacted September 10, 1996, does not violate Murphy's rights under the Contracts Clause of the United States Constitution

because no implied contract existed between Murphy and Benedict that required Benedict to indemnify Murphy. Benedict's obligation to indemnify Murphy in December 1994, when the accident occurred, was based on common-law indemnification (*see, e.g., Felker v Corning Inc.,* 90 NY2d 219, 226). Because the action was commenced after the enactment of Workers' Compensation Law § 11 (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 590) and Bartek did not suffer a " 'grave injury' " within the meaning of that section, Benedict's common-law obligation to indemnify Murphy was extinguished by statute (*see,* Workers' Compensation Law § 11). Finally, the cross appeal is dismissed because plaintiffs are not aggrieved by the dismissal of the third-party action (*see,* CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488; *Matter of Brown v Starkweather,* 197 AD2d 840, 841, *lv denied* 82 NY2d 653). (Appeals from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Scudder and Callahan, JJ.