OPINION OF THE COURT
Sheila Abdus-Salaam, J.
Ordered that this motion by BDB Development Corp. (BDB) for an order granting it leave to renew its motion for summary judgment and upon such renewal for summary judgment dismissing the complaint and cross claims on the ground, that *159 those claims are barred by Workers’ Compensation Law § 11 is granted. Plaintiffs cross motion for summary judgment, made returnable one day prior to trial, is denied as untimely without prejudice to any application for a directed verdict that plaintiff may make at the time of trial.
This is a personal injury action alleging violations of Labor Law § 240 (1); §§ 200 and 241 (6). The trial of this action, originally scheduled for October 2000, has been adjourned several times pending determinations by the Workers’ Compensation Board as to whether defendant BDB was plaintiffs employer, and whether plaintiffs injuries were work related. The Board recently concluded that BDB was plaintiffs employer and that plaintiffs injuries were work related. Thus, plaintiffs claim against BDB is barred by Workers’ Compensation Law § 11, and the complaint against that defendant must be dismissed.
BDB also argues here that by virtue of that statute the cross claim for indemnification asserted by codefendant 17 Murray Street Corporation (17 Murray St.), the owner of the premises, must also be dismissed since it is undisputed that plaintiff did not suffer a “grave injury.” 17 Murray St. opposes the motion, asserting that, since it was not a party to the workers’ compensation proceedings, it is not collaterally estopped from proving at trial that BDB was not plaintiffs employer. Citing Liss v Trans Auto Sys. (68 NY2d 15), 17 Murray St. argues that since it did not have notice of the proceedings and did not have an opportunity to participate the outcome of that proceeding cannot have preclusive effect on it at the trial of this action where it seeks indemnification from BDB.
I reject the notion that 17 Murray St. did not have notice of the workers’ compensation proceedings. Its awareness of those proceedings cannot be disputed. The applications that were made to this Court for an adjournment of the trial pending resolution of those proceedings were made jointly by defense counsel. There is no reason to believe that if 17 Murray St.’s counsel had asked to be notified of specific dates and times of hearings and physical examinations that opposing counsel would not have provided such information. And there is certainly no indication here that 17 Murray St. desired to be a part of the proceedings, sought to interject itself into those proceedings in any manner and that any request to intervene or participate was rebuffed by the Workers’ Compensation Board. Rather, it appears that 17 Murray St. simply waited for the Board to render its determination.
*160 Assuming arguendo that 17 Murray St. did not have the opportunity to participate in the proceedings, it is a proper statement of the law that, under such circumstances, such a party is not collaterally estopped from litigating an identical issue (see Liss, supra; Falsitta v Metropolitan Life Ins. Co., 279 AD2d 879; Mohn v Smith, 271 AD2d 662). However, it is not the doctrine of collateral estoppel which bars 17 Murray St.’s ability to seek indemnification from BDB, it is the plain language and intent of the 1996 amendment to Workers’ Compensation Law § 11, which provides that “[a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his employment for his or her employer” unless the third person proves that the employee has sustained a “grave injury.” Since plaintiff did not suffer such an injury, BDB’s common-law obligation to indemnify 17 Murray St. “was extinguished by statute (see, Workers’ Compensation Law § 11)” (Bartek v Murphy, 266 AD2d 865, 866; emphasis supplied).
I have not found a First Department decision directly on point with this situation. However, the Second Department’s decision in Talcove v Buckeye Pipe Line Co. (247 AD2d 464) is instructive. There, the Court found that the plaintiffs, having accepted the workers’ compensation benefits, were barred from bringing a common-law action against the employer, but that the defendant coemployee of the injured plaintiff was not barred from litigating his cross claim against the employer because the requirements of collateral estoppel had not been met; the codefendant had not been a party to the Workers’ Compensation Board proceeding, and had not had a full and fair opportunity to contest the earlier determination. The Court rejected the employer’s argument that the contribution claim was barred by the 1996 amendment of Workers’ Compensation Law § 11, “since that amendment applies prospectively.” (247 AD2d 464, 465.) Implicitly then, if the amendment had applied to the contribution claim, the claim would have been barred.
As has been pointed out by BDB, it is now responsible to plaintiff for compensation benefits as a result of the Board’s determination. To allow 17 Murray St. to obtain indemnification from BDB under these circumstances would result in the employer paying both benefits as well as damages for plaintiff’s injuries, a result which is not permitted according to statute. And, while preventing 17 Murray St. from pressing its indemnification claim in this action even though it was not a party to the Workers’ Compensation Board proceedings may, *161 in essence, be turning the doctrine of collateral estoppel on its head, to permit 17 Murray St. to obtain indemnification from an entity that has been determined to be plaintiffs employer would run afoul of the clear language and intent of Workers’ Compensation Law § 11. This incongruity may be a matter for the attention of the Legislature (see generally Liss, supra, at 22).
Based upon the foregoing, the motion is granted.