■ MOHAMMED ABDUL BATEN, Respondent, v NORTHFORK BANCORPORATION, INC., a Division of Capital One Financial Corporation, N.A., et al., Appellants, and RIGGS CONSTRUCTION COMPANY, INC., Respondent. [925 NYS2d 548]—

In an action to recover damages for personal injuries, the defendants Northfork Bancorporation, Inc., a division of Capital One Financial Corporation, N.A., and Capital One Financial Corporation, N.A., as successor to Westbury Savings and Loan Association, appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated December 17, 2009, which granted the motion of the defendant Riggs Construction Company, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and denied their cross motion to convert their cross claims into a third-party action.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Riggs Construction Company, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, without costs or disbursements, as the appellant is not aggrieved thereby (see Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements, that branch of the motion of the defendant Riggs Construction Company which was for summary judgment dismissing the cross claims of the defendants Northfork Bancorporation, Inc., a division of Capital One Financial Corporation, N.A., and Capital One Financial Corporation, N.A., as successor to Westbury Savings and Loan Association, for contribution and common-law indemnification, is denied, and that branch of the appellants' cross motion which was to convert their cross claims for contribution and common-law indemnification into a third-party action is granted.

Following hearings in the plaintiff's workers' compensation matter, a Workers' Compensation Law Judge determined that the defendant Riggs Construction Company, Inc. (hereinafter Riggs), rather than nonparty GM Construction and Renovations, was the plaintiff's employer, and awarded benefits to the plaintiff. Riggs appealed the determination, and the Workers' Compensation Board affirmed. The defendants Northfork Bancorporation, Inc., a division of Capital One Financial Corporation, N.A., and Capital One Financial Corporation, N.A., as successor to Westbury Savings and Loan Association (hereinafter collectively Capital One), were not notified of the proceedings.

Upon the determination of the Workers' Compensation Board that Riggs was the plaintiff's employer, Riggs moved for summary judgment in the instant personal injury action, dismissing the complaint and Capital One's cross claims insofar as asserted against it. Notwithstanding the fact that Capital One was not a party to the prior proceedings, the Supreme Court gave preclusive effect to the Workers' Compensation Board's determination and granted Riggs's motion for summary judgment.

Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue . . . raised in a prior action or proceeding and decided against that party or those in privity" with it (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). In determining whether such privity between the parties exists, "courts must carefully analyze whether the party sought to be bound and the party against whom the litigated issue was decided have a relationship that would justify preclusion, and whether preclusion, with its severe consequences, would be fair under the particular circumstances" (*Buechel v Bain*, 97 NY2d 295, 304-305 [2001], *cert denied* 535 US 1096 [2002]; *see Chambers v City of New York*, 309 AD2d 81, 86 [2003]).

Under the particular circumstances of this case, Capital One should not have been precluded from litigating the issue of whether Riggs was the plaintiff's employer. While Capital One is now taking the same position advanced by Riggs in the former proceedings, i.e., that Riggs was not the plaintiff's employer, nothing in the relationship between Riggs and Capital One, who are adversaries in the current proceeding, supports the Supreme Court's conclusion that Capital One's interests here are conditioned on, or derivative of, Riggs's interests in the workers' compensation proceedings (*cf. D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659 [1990]). Thus, since Capital One is not in privity with Riggs, and Capital One "was not afforded an opportunity to cross-examine witnesses or present evidence at the prior hearing[s]" (*Liss v Trans Auto Sys.*, 68 NY2d 15, 22 [1986]), the workers' compensation determination should not have been given preclusive effect as to Capital One in the current action (*see Matter of Juan C. v Cortines*, 89 NY2d 659, 672 [1997]; *Singh v Metropolitan Constr. Corp.*, 244 AD2d 328 [1997]; *Rifkin v Dan's Supreme Supermarket*, 198 AD2d 487 [1993]; *Fraser v Brunswick Hosp. Med. Ctr.*, 150 AD2d 754 [1989]).

Although there is no longer a direct action pending against Riggs, claims for indemnification and contribution may be maintained in a third-party action (*see Nelson v Chelsea GCA*

*Realty, Inc.*, 18 AD3d 838, 840 [2005]; *Arcuri v Ramos*, 7 AD3d 741, 742 [2004]; *Jones v New York City Hous. Auth.*, 293 AD2d 371 [2002]). Accordingly, Capital One's common-law indemnification and contribution cross claims should be converted to third-party claims.

Capital One's remaining contention is without merit. Covello, J.P., Eng, Chambers and Miller, JJ., concur.