■ JULIAN ARRENDAL, Plaintiff, v TRIZECHAHN CORPORATION, Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff-Respondent, et al., Defendants. SUBWAY REAL ESTATE CORP., Second Third-Party Defendant/Third Third-Party Plaintiff-Appellant-Respondent; KASHIF D. CREARY et al., Third Third-Party Defendants-Appellants, et al., Third-Party Defendants. [950 NYS2d 187]—

In an action to recover damages for personal injuries, the second third-party defendant/third third-party plaintiff, Subway Real Estate Corp., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated November 15, 2010, as denied that branch of its cross motion which was for summary judgment dismissing the second cause of action in the second third-party complaint, which was for contractual indemnification, and the third third-party defendants, Kashif D. Creary and Daisy's Subway, Inc., T/A Subway, separately appeal, as limited by their notice of appeal and brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the second cause of action in the third third-party complaint, which was for contractual indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to Subway Real Estate Corp. payable by Trizechahn One NY Plaza, LLC, and one bill of costs to Kashif D. Creary and Daisy's Subway, Inc., T/A Subway, payable by Subway Real Estate Corp., that branch of the cross motion of Subway Real Estate Corp., which was for summary judgment dismissing the second cause of action in the second third-party complaint, which was for contractual indemnification, is granted, and that branch of the motion of Kashif D. Creary and Daisy's Subway, Inc., T/A Subway, which was for summary judgment dismissing the second cause of action in the third third-party complaint, which was for contractual indemnification, is granted.

Trizechahn One NY Plaza, LLC, sued herein in the main action as Trizechahn Corporation (hereinafter Trizechahn), owned

a commercial building in Manhattan. Pursuant to a lease with Trizechahn, the second third-party defendant/third third-party plaintiff, Subway Real Estate Corp. (hereinafter Subway Real Estate), leased certain premises (hereinafter the premises) within the building. Pursuant to a sublease with Subway Real Estate, the third third-party defendant Kashif D. Creary, who owned the third third-party defendant Daisy's Subway, Inc., T/A Subway (hereinafter together Daisy's Subway), subleased the premises.

On March 10, 2005, the plaintiff, who was employed by Daisy's Subway, attempted to dispose of garbage via the building's trash compactor. The trash compactor was located outside of the premises, at the building's loading dock. The plaintiff described the area in which the trash compactor was located as "dark." As he was disposing of the garbage, he tripped over what he described as a "metal bar," and fell into the trash compactor. He allegedly sustained certain injuries as a result of the accident.

The plaintiff commenced this personal injury action against Trizechahn and others. He alleged, among other things, that he was injured as a result of a dangerous or defective condition that Trizechahn either created, or had actual or constructive notice of.

In its answer, Trizechahn alleged, as an affirmative defense, that the plaintiff's injuries were caused in whole or in part by his own negligence. According to Trizechahn, the plaintiff was negligent in, among other things, attempting to use the trash compactor, and failing to see the metal bar.

After interposing its answer, Trizechahn commenced a third-party action against Subway Real Estate, seeking, inter alia, indemnification pursuant to an indemnification provision in the lease. Subway Real Estate, in turn, commenced a third-party action against Daisy's Subway, seeking, inter alia, contractual indemnification. In this regard, the sublease effectively provided, in pertinent part, that Daisy's Subway would "perform and observe all of the obligations of" Subway Real Estate"under" the lease.

The lease's indemnification provision obligated Subway Real Estate to indemnify Trizechahn for, among other things, losses caused by the "negligence" of an agent or licensee of Subway Real Estate, which the plaintiff allegedly was. Trizechahn argues that it is entitled to be indemnified by Subway Real Estate, under this particular clause of the indemnification provision. That clause also, in effect, obligated Daisy's Subway to indemnify Subway Real Estate for losses caused by the "negli-

gence" of an employee of Daisy's Subway, which the plaintiff undisputedly was.

The term "negligence," as employed in the lease's indemnification provision, should not, as the Supreme Court essentially determined, be construed to mean the comparative negligence of an injured agent or licensee of Subway Real Estate, or the comparative negligence of an injured employee of Daisy's Subway. "Words in" a contractual indemnification provision "are to be construed to achieve the apparent purpose of the parties" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *see Weissman v Sinorm Deli*, 88 NY2d 437, 446 [1996]). "The language of an indemnity provision should be construed so as to encompass only that loss and damage which reasonably appear to have been within the intent of the parties" (*Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.*, 107 AD2d 450, 453 [1985], *affd* 65 NY2d 1038 [1985]). Considering that the comparative negligence of the injured agent or licensee of Subway Real Estate, allegedly the plaintiff herein, or the comparative negligence of the injured employee of Daisy's Subway, undisputedly the plaintiff herein, would actually reduce loss and damages, if any, attributable to Trizechahn (*see* CPLR 1411), it does not reasonably appear that the parties intended that the clause of the lease's indemnification provision dealing with an agent's, employee's or licensee's negligence would be triggered in the event of a finding of such comparative fault. Rather, it reasonably appears that the parties intended that this clause of the indemnification provision would be triggered in the event of a finding of negligence of an agent or licensee of Subway Real Estate, or negligence of an employee of Daisy's Subway, in connection with a tort committed against a third party.

Daisy's Subway and Subway Real Estate thereby demonstrated their prima facie entitlement to summary judgment dismissing the causes of action against them for contractual indemnification (*see Naclerio v C.R. Klewin, Inc.*, 293 AD2d 588 [2002]). Since, in opposition, a triable issue of fact was not raised, the Supreme Court should have granted that branch of the motion of Daisy's Subway which was for summary judgment dismissing Subway Real Estate's cause of action against it for contractual indemnification, and should have granted that branch of Subway Real Estate's cross motion which was for summary judgment dismissing Trizechahn's cause of action against it for contractual indemnification. Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.