◼ COMMONWEALTH LAND TITLE INSURANCE COMPANY, Respondent, v SIENNA ABSTRACT, LLC, et al., Appellants. [25 NYS3d 353]—

In an action for specific performance of an agency agreement and for an accounting, the defendants appeal from an order of the Supreme Court, Richmond County (Dollard, J.), dated July 14, 2014, which granted the plaintiff's motion for leave to amend the complaint to add a cause of action to recover damages for breach of the agency agreement and, in effect, to restore the action to active status.

Ordered that the order is affirmed, with costs.

In 2005, the plaintiff, as principal, entered into an agency agreement with the defendant Sienna Abstract, LLC (hereinafter Sienna), pursuant to which Sienna was authorized to issue title insurance policies on behalf of the plaintiff. On October 22, 2009, the plaintiff allegedly terminated Sienna as an agent, but was unable to conduct a full audit of Sienna's files. On July 29, 2011, the plaintiff commenced the instant action. The complaint, as originally framed, sought only specific performance of Sienna's obligations to cooperate in the audit process, turn over its files, and submit to an accounting.

In December of 2011, the plaintiff moved for summary judgment on the complaint. While the motion was still pending, the Richmond County District Attorney's Office launched an investigation of Sienna in the Spring of 2012 and seized all of its files. As a result, the instant action was stayed. Approximately one year later, upon completion of the District Attorney's investigation, the Supreme Court, by order dated May 20, 2013, directed Sienna to turn over its files to the plaintiff. In July of 2013, the court determined that the plaintiff's mo-

tion for summary judgment was "moot," and an "e-courts" document included in the record on appeal described the disposition of this action as "Other Final Disp. Pre Note," effective July 26, 2013. The action, however, was never formally dismissed (*see Rakha v Pinnacle Bus Servs.*, 98 AD3d 657, 658 [2012]).

On March 3, 2014, the plaintiff moved for leave to amend the complaint to add a cause of action to recover damages for breach of the agency agreement and, in effect, to restore the action to active status. The defendants opposed the motion, arguing that, as of March 3, 2014, the action had been "fully adjudicated" by virtue of a prior order dated May 20, 2013, and that the motion was made "after a long delay," and therefore the court should exercise its discretion and deny leave to amend the complaint. The Supreme Court granted the motion. We affirm.

Contrary to the defendants' contention, that branch of the plaintiff's motion which was for leave to amend the complaint was properly granted. Where "no prejudice or surprise results from the delay in seeking leave to amend a pleading, 'such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit' " (*Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv.*, 132 AD3d 684, 684-685 [2015], quoting *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). Lateness alone is not a barrier to an amendment (*see Vidal v Claremont 99 Wall, LLC*, 124 AD3d 767, 768 [2015]). Rather, lateness must be coupled with significant prejudice to the other side, the very elements of the laches doctrine (*see id.*). Here, the defendants failed to make a showing of significant prejudice, and the allegations in the amended complaint are not palpably insufficient or patently devoid of merit.

The defendants' contention that the proposed cause of action to recover damages for breach of the agency agreement is barred by the statute limitations is without merit. The defendants' opposition papers failed to address when, exactly, the proposed cause of action might have accrued (*see Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]). In addition, the defendants failed to explain why the proposed cause of action should be subject to a three-year statute of limitations (*see* CPLR 214) rather than a six-year statute of limitations (*see* CPLR 213). Accordingly, the defendants failed to establish that the proposed cause of action was in fact time-barred as of the date that the motion for leave to amend was made (*see Vastola v Maer*, 48 AD2d 561, 565 [1975], *affd* 39 NY2d 1019 [1976]), and we need not consider whether the "relation back" doctrine under CPLR 203 (f) is applicable.

The defendants' remaining contentions, to the extent that they are properly before this Court, are without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion for leave to amend the complaint to add a cause of action to recover damages for breach of the agency agreement and, in effect, to restore the action to active status. Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.