Guo Ping Gu v Malaxos (2021 NY Slip Op 01966)





Guo Ping Gu v Malaxos


2021 NY Slip Op 01966


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-13377
 (Index No. 704299/18)

[*1]Guo Ping Gu, appellant,
v
Penelope Malaxos, et al., respondents.


Caesar & Napoli, P.C., New York, NY (Kelsey M. Crowley of counsel), for appellant.
Penino & Moynihan, LLP, White Plains, NY (Henry L. Liao of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered November 15, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 14, 2017, the plaintiff allegedly was injured when the vehicle he was operating was struck by a vehicle operated by the defendant Penelope Malaxos and owned by the defendant Harry Malaxos. In March 2018, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in the accident. After issue of was joined, but before any depositions were held, the plaintiff moved, inter alia, for summary judgment on the issue of liability. The defendants opposed the motion, arguing, among other things, that summary judgment was premature. In the order appealed from, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability as premature. The plaintiff appeals.
The Supreme Court properly denied, as premature, that branch of the plaintiff's motion which was for summary judgment on the issue of liability. The plaintiff moved for summary judgment before the parties had an adequate opportunity to conduct discovery, as little discovery had taken place and the depositions of the parties had not yet occurred (see CPLR 3212[f]; Corvino v Schineller, 168 AD3d 812, 812-813; Bernstein v New York City Tr. Auth., 153 AD3d 897, 897-898; Sodhi v 112 Park Enters., LLC, 147 AD3d 1000, 1001). Moreover, the record reflects that discovery might lead to relevant evidence pertaining to the circumstances of the accident (see Haxhijaj v Ferrer, 166 AD3d 592, 593; Hawana v Carbuccia, 164 AD3d 563, 565).
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court