Village of Dobbs Ferry v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc. (2021 NY Slip Op 05604)





Village of Dobbs Ferry v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc.


2021 NY Slip Op 05604


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2017-09335
 (Index No. 55679/16)

[*1]Village of Dobbs Ferry, respondent-appellant,
v
Landing on the Water at Dobbs Ferry Homeowners Association, Inc., appellant-respondent.


Braverman Greenspun, P.C., New York, NY (Jon Kolbrener of counsel), for appellant-respondent.
Harris Beach PLLC, White Plains, NY (Darius P. Chafizadeh, Alexander D. Rosati, and Doreen Klein of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property and for injunctive relief, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated July 31, 2017. The order, insofar as appealed from, denied the defendant's motion for summary judgment on its counterclaim for an award of attorneys' fees and costs. The order, insofar as cross-appealed from, denied the plaintiff's cross motion for summary judgment on the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant is the owner of a 43-acre parcel of property located in Dobbs Ferry, over which a conservation easement runs in favor of the plaintiff pursuant to a deed of conservation and scenic easement (hereinafter the deed), entered into on September 14, 1998. On November 29, 2001, an amendment to conservation and scenic easement (hereinafter the amendment) was executed. The conservation easement allows the plaintiff's residents to "walk upon and view the Conservation Easement Property in its scenic and natural state." The amendment provides that the plaintiff is required to indemnify the defendant from any claims, litigation, and costs incurred by the defendant arising from the plaintiff's exercise of the rights set forth in the deed and the amendment.
In April 2016, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15, alleging that the defendant continuously attempted to restrict access to the conservation easement by placing a locked gate on a footbridge that provided the only means of ingress to a waterfront parcel that is a part of the conservation easement property. In its answer, the defendant asserted two counterclaims. In its second counterclaim, the defendant sought an award of attorneys' fees and costs related to this action pursuant to the indemnification provision set forth in the amendment.
The defendant moved for summary judgment on its second counterclaim. The plaintiff cross-moved for summary judgment on the complaint. In an order dated July 31, 2017, the Supreme Court denied the motion and the cross motion. The defendant appeals from so much of the [*2]order as denied its motion, and the plaintiff cross-appeals from so much of the order as denied its cross motion.
"A contract that provides for indemnification will be enforced as long as the intent to assume such a role is 'sufficiently clear and unambiguous'" (Bradley v Earl B. Feiden, Inc., 8 NY3d 265, 275 quoting Rodrigues v N & S Bldg. Contrs., Inc, 5 NY3d 427, 433). "Words in [a contractual indemnification provision] are to be construed to achieve the apparent purpose of the parties" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491; see Weissman v Sinorm Deli, 88 NY2d 437, 446; Arrendal v Trizechahn Corp., 98 AD3d 701, 703). "The language of an indemnity provision should be construed so as to encompass only that loss and damage which reasonably appear to have been within the intent of the parties" (Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp., 107 AD2d 450, 453, affd 65 NY2d 1038; see Arrendal v Trizechahn Corp., 98 AD3d at 703).
Here, the defendant did not establish its prima facie entitlement to judgment as a matter of law on its second counterclaim. The amendment provided for indemnification for the defendant with respect to claims, litigation, and costs arising from the plaintiff's exercise of the rights and not with respect to the plaintiff's enforcement of its rights set forth in the deed and the amendment. Consequently, the Supreme Court properly denied the defendant's motion because the defendant did not demonstrate that it was entitled to indemnification from the plaintiff for its own purported violation of the terms of the conservation easement so as to trigger the indemnification provision of the amendment (see Arrendal v Trizechahn Corp., 98 AD3d at 703; see e.g. Stanton v Oceanside Union Free Sch. Dist., 140 AD3d 731, 734).
"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Brea v Salvatore, 130 AD3d 956, 956; see Herrera v Gargiso, 140 AD3d 1122, 1123; Martinez v 305 W. 52 Condominium, 128 AD3d 912, 914). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Brea v Salvatore, 130 AD3d at 956; see CPLR 3212[f]; Nicholson v Bader, 83 AD3d 802). Here, the Supreme Court properly denied, as premature, the plaintiff's cross motion for summary judgment on the complaint. The plaintiff cross-moved before it responded to the defendant's demand for documents that were in its possession and control or produced a witness for deposition (see Guo Ping Gu v Malaxos, 192 AD3d 1087). Moreover, the record reflects that the outstanding discovery might lead to relevant evidence pertaining to the issues raised in the parties' pleadings (see Corvino v Schineller, 168 AD3d 812, 813).
In light of our determination, we need not reach the parties' remaining contentions.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court