Velazquez-Guadalupe v Ideal Bldrs. & Constr. Servs., Inc. (2023 NY Slip Op 02025)

Velazquez-Guadalupe v Ideal Bldrs. & Constr. Servs., Inc.

2023 NY Slip Op 02025

Decided on April 19, 2023

Appellate Division, Second Department

Wan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-00673
 (Index No. 709223/17)

[*1]Salvador Velazquez-Guadalupe, plaintiff-respondent, et al., plaintiff, 
v
Ideal Builders and Construction Services, Inc., et al., defendants-respondents, J.S.K. Construction Corp., et al., appellants (and a third- party action).

APPEAL by the defendant J.S.K. Construction Corp., and SEPARATE APPEAL by the defendant CDW Carpentry, Inc., in a consolidated action to recover damages for personal injuries, from an order of the Supreme Court (Carmen R. Velasquez, J.), entered December 31, 2019, in Queens County. The order, insofar as appealed from by the defendant J.S.K. Construction Corp., denied that branch of its motion which was for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it without prejudice to renew upon the completion of discovery. The order, insofar as appealed from by the defendant CDW Carpentry, Inc., denied those branches of its motion which were for summary judgment dismissing the cross-claims of the defendant Ideal Builders and Construction Services, Inc., the defendant J.S.K. Construction Corp., the defendants John Argyros and Dana M. Argyros, and the defendant Cindy Koumantaros for contribution and common-law indemnification insofar as asserted against it, and granted that branch of the cross-motion of the defendants John Argyros and Dana M. Argyros which was for leave to amend their answer to assert a cross-claim against it alleging breach of contract for failure to procure insurance.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York, NY (Matthew G. Corcoran of counsel), for appellant J.S.K. Construction Corp.
Westermann Sheehy Samaan & Gillespie, LLP, East Meadow, NY (Joanne Emily Bell of counsel), for appellant CDW Carpentry, Inc.
Ronemus & Vilensky LLP (Lisa M. Comeau, Garden City, NY, of counsel), for plaintiff-respondent.
O'Connor Redd Orlando LLP, Port Chester, NY (Joseph A. Orlando of counsel), for defendant-respondent Ideal Builders and Construction Services, Inc.
Robert A. Peirce, White Plains, NY (Richard A. Salvato of counsel), for defendants-respondents John Argyros and Dana M. Argyros.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas P. Calabria of counsel), for defendant-respondent Cindy Koumantaros.
Rosenberg, Minc, Falkoff & Wolff, LLP, New York, NY (Steven C. Falkoff of [*2]counsel), for plaintiff Baljinder Singh.
Pillinger Miller Tarallo, Garden City, NY (Neil L. Sambursky of counsel), for third-party defendants Hephaistos Building Supplies, Inc., and Hephaistos Developing, LLC.

WAN, J.

OPINION & ORDER
Workers' Compensation Law § 11(1) precludes recovery by "any third person" against "[a]n employer" for contribution or indemnity "for injuries sustained by an employee acting within the scope of his or her employment" unless the employee "has sustained a 'grave injury'" or there is a "written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant." Despite this clear directive, the Supreme Court, relying on this Court's decision in Baten v Northfork Bancorporation, Inc. (85 AD3d 697), permitted cross-claims sounding in contribution and indemnity to survive against an entity on the ground that triable issues of fact existed with respect to whether that entity was an employer, regardless of a Workers' Compensation Board determination on this issue. Here, we clarify that, notwithstanding our prior decision in Baten, no claim for indemnity or contribution may be maintained against an entity determined to be an employer by the Workers' Compensation Board except in the limited circumstances specified in Workers' Compensation Law § 11.
I. Factual and Procedural History
On June 20, 2017, a building under construction at 31-25 28th Road in Queens collapsed, allegedly under the weight of construction materials stored on the roof. The plaintiff Salvador Velazquez-Guadalupe commenced an action to recover damages for personal injuries he allegedly sustained in the building collapse. Among the defendants named in the amended complaint were Cindy Koumantaros, the owner of the property; Ideal Builders and Construction Services, Inc. (hereinafter Ideal), the general contractor; and CDW Carpentry, Inc. (hereinafter CDW), a subcontractor. Also named as defendants were John Argyros and Dana M. Argyros (hereinafter together the Argyros defendants), the owners of a neighboring property, which allegedly was part of the same construction site, and J.S.K. Construction Corp. (hereinafter JSK), which constructed a sidewalk shed along 28th Road as part of the work. The plaintiff Baljinder Singh commenced a separate action to recover damages for personal injuries he allegedly sustained in the building collapse against Ideal, the Argyros defendants, and Koumantaros. CDW and JSK were not named as defendants in that action. Both plaintiffs asserted causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Neither plaintiff alleged that he suffered a grave injury as defined under the Workers' Compensation Law. The Supreme Court consolidated the actions for all purposes by order dated March 16, 2018.
Around the time of consolidation, in the Velazquez-Guadalupe action, Ideal commenced a third-party action against subcontractors J. United Construction Corp. (hereinafter J. United), and Hephaistos Building Supplies, Inc., and Hephaistos Developing, LLC (hereinafter together the Hephaistos entities), alleging that one or all of them were responsible for placing the materials on the roof that caused it to collapse. In the Velazquez-Guadalupe action, CDW, JSK, Ideal, Koumantaros, and the Argyros defendants all asserted cross-claims against one another sounding in contribution and common-law indemnification, among other things. Koumantaros additionally asserted cross-claims for contractual indemnification and alleging breach of contract for failure to procure insurance.
The plaintiffs also pursued separate claims before the Workers' Compensation Board (hereinafter WCB). After a hearing on Velazquez-Guadalupe's claim, the WCB awarded him compensation for the injuries he sustained and directed that payment be made by CDW or its insurance carrier. The WCB expressly found an "employer/employee relationship" existed between Velazquez-Guadalupe and CDW on the date of the accident, contradicting Velazquez-Guadalupe's allegations in his complaint, amended complaint, and several of his bills of particulars that he was actually J. United's employee on the date of the accident. The WCB also awarded Singh compensation for his injuries, although it further determined that he was employed by J. United, which was uninsured on the date of the accident.
At issue on these appeals is the Supreme Court's resolution of JSK's and CDW's separate motions, inter alia, for summary judgment, and the Argyros defendants' cross-motion, [*3]among other things, for leave to amend their answer in the Velazquez-Guadalupe action. Specifically, JSK moved, inter alia, for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it. JSK submitted, among other things, a work proposal signed by Koumantaros and John Argyros, a work permit and related correspondence from the City of New York, an affidavit from its principal, and other written correspondence showing that its responsibilities at the work site were limited to constructing a sidewalk shed, and that it only obtained permission to do so on June 20, 2017, the day of the building collapse. The plaintiffs, Koumantaros, Ideal, and the Hephaistos entities opposed the motion, inter alia, on the ground that they had not had the opportunity to depose JSK's principal and conduct other discovery on the question of whether JSK was storing materials at the work site in preparation for its work.
CDW moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it. CDW argued that because Velazquez-Guadalupe sought and obtained benefits from it as his employer pursuant to a determination of the WCB, the causes of action asserted by Velazquez-Guadalupe, and all cross-claims sounding in contribution and indemnification asserted by the other defendants, were barred insofar as asserted against it by statute in the absence of any allegation of grave injury or a written contract in which it agreed to contribute to or indemnify another party (see Workers' Compensation Law § 11). CDW further asserted that the WCB's determination that it was in fact Velazquez-Guadalupe's employer could not be attacked in a plenary action, even by parties who did not participate in the WCB proceeding. Koumantaros, Ideal, the Argyros defendants, and the Hephaistos entities all opposed the motion on the grounds that the doctrine of collateral estoppel did not preclude them from challenging the WCB's finding of an employer-employee relationship between CDW and Velazquez-Guadalupe, and that triable issues of fact existed on that question, not least because Velazquez-Guadalupe himself repeatedly averred and testified that J. United was his employer, not CDW. Velazquez-Guadalupe also opposed the motion, and while he conceded that the WCB's determination had preclusive effect as against him, he insisted that the motion was premature with respect to the cross-claims insofar as asserted against CDW.
CDW also argued that it was entitled to summary judgment dismissing Koumantaros's cross-claim alleging breach of contract for failure to procure insurance because the terms of their agreement were set forth in a writing that did not impose any duty upon it to procure insurance. In opposition to CDW's motion, Koumantaros submitted an affidavit in which she averred that CDW's owner orally promised to provide her with insurance and even presented her with a certificate of insurance naming her as an additional insured on CDW's policy, and that she discovered later that CDW had hired uninsured subcontractor J. United to perform masonry work.
The Argyros defendants cross-moved, inter alia, for leave to amend their answer in the Velazquez-Guadalupe action to assert a cross-claim against CDW alleging breach of contract for failure to procure insurance. In support, they submitted an affidavit from John Argyros, who averred that CDW's owner also made an oral promise to him that CDW would provide liability insurance for him and Dana M. Argyros, and that CDW's owner also produced a certificate of insurance for them. The Argyros defendants proposed to allege that CDW breached this agreement by hiring the uninsured J. United as a subcontractor. In opposition, CDW argued that any purported oral agreement to procure insurance was invalid under the statute of frauds (see General Obligations Law § 5-701[a][2]).
In an order entered December 31, 2019, the Supreme Court, inter alia, denied, as premature, that branch of JSK's motion which was for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it without prejudice to renew upon the completion of discovery; denied those branches of CDW's motion which were for summary judgment dismissing the cross-claims of Ideal, JSK, the Argyros defendants, and Koumantaros for contribution and common-law indemnification insofar as asserted against it; and granted that branch of the Argyros defendants' cross-motion which was for leave to amend their answer to assert a cross-claim against CDW alleging breach of contract for failure to procure insurance. Notably, in denying summary judgment to CDW dismissing the contribution and common-law indemnification cross-claims insofar as asserted against it, the court determined that the WCB's finding of an employer-employee relationship between CDW and Velazquez-Guadalupe did not collaterally estop the cross-claimants from litigating that same question, and that the record presented triable issues of fact as to whether CDW was Velazquez-Guadalupe's employer and therefore entitled to the protection of Workers' Compensation Law § 11. The court explained that Velazquez-Guadalupe initially averred [*4]that he was employed by J. United, but later testified at his deposition that he was CDW's employee. The court further explained that no parties except CDW and Velazquez-Guadalupe had the opportunity to litigate before the WCB the question of who employed Velazquez-Guadalupe, and as such, the WCB's determination only had preclusive effect as to claims between those two parties. In making this determination, the court relied upon this Court's decision in Baten v Northfork Bancorporation, Inc. (85 AD3d 697), which permitted similar third-party cross-claims to survive against an entity determined to be the plaintiff's employer by the WCB.
For the reasons that follow, the Supreme Court erred in its determination that CDW was not entitled to summary judgment dismissing the contribution and common-law indemnification cross-claims insofar as asserted against it pursuant to Workers' Compensation Law § 11. The court, however, providently exercised its discretion in granting that branch of the Argyros defendants' cross-motion which was for leave to amend their answer to assert a cross-claim against CDW alleging breach of an oral agreement to procure insurance. The court also properly denied, as premature, that branch of JSK's motion which was for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it.
II. Workers' Compensation Law § 11
Workers' Compensation Law § 11 unambiguously shields employers from liability to third parties for contribution and indemnity except in limited circumstances. "An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment" unless the employee "has sustained a 'grave injury'" or where there is a "written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant" (id. § 11[1]). In the absence of such proof, contribution and indemnification claims become "extinguished by statute" (Bartek v Murphy, 266 AD2d 865, 865; see Owens v Jea Bus Co., Inc., 161 AD3d 1188, 1190; Grech v HRC Corp., 150 AD3d 829, 830; Gonzalez v 17 Murray St. Corp., 189 Misc 2d 158, 160 [Sup Ct, NY County]).
This provision departs from how courts historically treated contribution and indemnification claims against employers. In 1972, the Court of Appeals in Dole v Dow Chem. Co. (30 NY2d 143) expressly recognized the right of third parties to recover against an employer for indemnification and contribution even though the statutory predecessor to section 11 prohibited the injured employee from asserting a direct claim against the employer. One possible defense to such contribution and indemnification claims emerging in the wake of this "controversial" holding (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 585) was to show that the third parties asserting these claims were collaterally estopped from doing so by virtue of the WCB's determinations on questions relating to liability and coverage. But collateral estoppel does not operate as an absolute bar to all potential third-party claimants to litigate what was previously resolved in the context of a WCB proceeding (see Liss v Trans Auto Sys., 68 NY2d 15, 20-23)[FN1]. Dole thus had the effect of allowing "unfettered third-party actions" against employers for "'unlimited contribution or indemnification,'" undermining employers' "reliance upon workers' compensation benefits" as their sole exposure to liability (Fleming v Graham, 10 NY3d 296, 299, quoting Governor's Approval Mem, Bill Jacket, L 1996, ch 635 at 54).
In 1996, the Legislature amended Workers' Compensation Law § 11 in the Omnibus Workers' Compensation Reform Act of 1996 to establish a true safe harbor for employers against third-party claims for contribution and indemnification (see L 1996, ch 635, §§ 1-2). As the Court of Appeals has recognized, "[i]t is clear that one of the key purposes of the Act was the legislative modification of Dole v Dow Chem. Co. (30 NY2d 143) insofar as that case related to third-party [*5]actions against employers" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 584). The amendment reflected a policy choice to reduce workers' compensation insurance premiums and provide employers with "a degree of economic protection from devastating lawsuits" (L 1996, ch 635, § 1; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 586). Accordingly, employers are now afforded safe harbor from third-party claims for contribution and indemnification where the injured employee has not suffered a grave injury and where there is not an express written contractual promise to contribute or indemnify (see e.g. McIntosh v Ronit Realty, LLC, 181 AD3d 580, 581; Cassese v SVJ Joralemon, LLC, 168 AD3d 667, 669; Paguay v Cup of Tea, LLC, 165 AD3d 965, 966-967; Owens v Jea Bus Co., Inc., 161 AD3d at 1190-1191).
Today, we hold that Workers' Compensation Law § 11 precludes recovery by any third party for contribution and indemnity against an entity determined by the WCB to be the plaintiff's employer except where the injured employee has suffered a grave injury or where the employer has expressly agreed in writing to contribute or indemnify. This approach makes sense in light of both the plain language of the statute as amended in 1996 and its genesis as a legislative response to the contrary approach embraced in Dole and its progeny. Liability for indemnification and contribution, when not contractually determined, goes hand in hand with liability to the plaintiff for the underlying tortious conduct (see Lexington Ins. Co. v Allstate Ins. Co., 151 AD3d 1045, 1046 ["'Indemnity is the right of a person who has been compelled to pay what another should have paid to require reimbursement'" (quoting 15 Steven Plitt et al., Couch on Insurance 3d § 217:16)]; see generally Mauro v McCrindle, 70 AD2d 77, 79-83, affd 52 NY2d 719; 3 Carmody-Wait 2d § 19:163). The safe harbor established in 1996 would thus be rendered meaningless if an entity determined by the WCB to be the plaintiff's employer, and thus responsible for paying workers' compensation benefits, could also be responsible for paying damages for the plaintiff's injuries in the form of contribution or indemnification (see Gonzalez v 17 Murray St. Corp., 189 Misc 2d at 160). The same holds true regardless of whether the party asserting the contribution or indemnification claim participated in the WCB proceedings. Workers' Compensation Law § 11(1) states that employers "shall not be liable" for such claims "to any third person" without qualification based on the identity of the third person (emphasis added). The statute is not ambiguous in this respect, and any contrary reading would not comport with the Legislature's express intention to abandon the approach to third-party claims in Dole (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 584-585).
III. CDW's Appeal
A. Contribution and Indemnification
Here, there is no dispute that Velazquez-Guadalupe did not suffer a grave injury within the meaning of Workers' Compensation Law § 11, and there is no allegation in any of the pleadings that CDW expressly agreed in writing to contribute to or indemnify any party. CDW established, prima facie, its entitlement to judgment as a matter of law dismissing the contribution and common-law indemnification cross-claims insofar as asserted against it by demonstrating that the WCB determined that CDW was Velazquez-Guadalupe's employer and that Velazquez-Guadalupe received benefits from CDW's insurance carrier. In opposition, Koumantaros, Ideal, the Argyros defendants, and the Hephaistos entities failed to raise a triable issue of fact. Evidence disputing the existence of an employer-employee relationship between CDW and the plaintiff is incapable of rebutting CDW's prima facie showing. "'[C]ontroversies regarding the applicability of the Workers' Compensation Law rest within the primary jurisdiction of the Workers' Compensation Board, including issues as to the existence of an employer-employee relationship'" (Maropakis v Stillwell Materials Corp., 38 AD3d 623, 623, quoting Santiago v Dedvukaj, 167 AD2d 529, 529). Likewise, evidence concerning whether CDW may invoke the common-law doctrine of collateral estoppel is inapposite, since CDW's entitlement to dismissal of the contribution and common-law indemnification cross-claims asserted against it by "any third person" arises under the Workers' Compensation Law (Workers' Compensation Law § 11[1]; see Gonzalez v 17 Murray St. Corp., 189 Misc 2d at 160).[FN2]
Contrary to the determination of the Supreme Court, our decision in Baten v Northfork Bancorporation, Inc. (85 AD3d 697) does not compel a different result. In Baten, the Supreme Court granted, on collateral estoppel grounds, summary judgment dismissing contribution and indemnification cross-claims asserted by Capital One against Riggs, an entity that had been determined by the WCB to be the plaintiff's employer. The Supreme Court concluded that Capital One was collaterally estopped from litigating the issue of whether Riggs was the plaintiff's employer because Capital One was in privity with Riggs, against whom that issue was decided by the WCB. This Court reversed, concluding that collateral estoppel did not apply because Capital One was not afforded an opportunity to cross-examine witnesses or present evidence at the WCB proceeding, and not in privity with any party that did have such an opportunity. In so doing, however, this Court expressly limited its decision to the circumstances presented (see id. at 698), and was not called upon by the parties on appeal to consider whether Workers' Compensation Law § 11 generally precludes any party who has been determined by the WCB to be the plaintiff's employer from being liable for contribution or indemnity to a third person.
Ultimately, the only way Koumantaros, Ideal, the Argyros defendants, and JSK could maintain their contribution and common-law indemnification cross-claims against CDW in the Velazquez-Guadalupe action as "third person[s]" to the employer-employee relationship between CDW and Velazquez-Guadalupe determined to exist by the WCB, was to "prove[ ] through competent medical evidence that" Velazquez-Guadalupe sustained a "'grave injury,'" or that CDW agreed in writing to indemnify them (id. § 11[1]). They failed to do so. Consequently, the Supreme Court erred in denying that branch of CDW's motion which was for summary judgment dismissing these cross-claims insofar as asserted against it.
B. Failure to Procure Insurance
The Supreme Court, however, providently exercised its discretion in granting that branch of the Argyros defendants' cross-motion which was for leave to amend their answer to assert a cross-claim against CDW alleging breach of an oral agreement to procure insurance.
While CDW is correct that Workers' Compensation Law § 11(1) precludes "liab[ility] for contribution or indemnity to any third person" arising from Velazquez-Guadalupe's entitlement to recover damages against such third persons for personal injuries, that statute does not shield CDW from liability for breaching other contractual obligations it may have owed to such third persons. An "'agreement to procure insurance is not an agreement to indemnify or hold harmless'" (Chong Fu Huang v 57-63 Greene Realty, LLC, 174 AD3d 777, 778, quoting Kinney v Lisk Co., 76 NY2d 215, 218). Moreover, contrary to CDW's contention, an agreement to procure insurance may be enforceable even if it is not in writing (see McLaughlin v Arch Ins. Co., 168 AD3d 627, 628-629; Carlsen v Rockefeller Ctr. N., Inc., 74 AD3d 608, 609-610; Superior Ice Rink, Inc. v Nescon Contr. Corp., 52 AD3d 688, 692; Natural Stone Indus., Inc. v Utica Natl. Assur. Co., 29 AD3d 758, 761).
Here, the proposed amendment to the Argyros defendants' answer to add a cross-claim against CDW alleging breach of an oral agreement to procure insurance was not palpably insufficient or patently devoid of merit (see Commonwealth Land Tit. Ins. Co. v Sienna Abstract, LLC, 136 AD3d 965, 966). Accordingly, since there was no evidence here of any surprise or prejudice, the Supreme Court providently exercised its discretion in granting that branch of the Argyros defendants' cross-motion which was for leave to amend their answer (see id. at 966).
IV. JSK's Appeal
"In order for a motion for summary judgment to be denied as premature, the opposing party must 'provide an evidentiary basis to suggest that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were in the exclusive knowledge and control of the moving party'" (Mogul v Baptiste, 161 AD3d 847, 848, quoting Suero-Sosa v Cardona, 112 AD3d 706, 708).
Here, limited discovery had taken place, and only Velazquez-Guadalupe had been deposed. Notably, the affidavit of JSK's principal did not indicate whether JSK was storing materials on the roof when it collapsed. JSK's submissions included a proposal for work signed by [*6]Koumantaros and John Argyros dated May 26, 2017, a date approximately one month before the building collapse that could reasonably permit the inference that JSK brought in materials and stored them on the roof in anticipation of commencing its work. JSK also submitted the transcript of Velazquez-Guadalupe's deposition testimony, in which he testified that construction materials were being delivered to the work site approximately a half hour before the building collapse. This delivery could have been related to JSK commencing its work in accordance with the permit it received that day. JSK's own submissions thus reflect that discovery might lead to relevant evidence pertaining to the circumstances of the accident, including whether JSK stored materials on the roof prior to the accident (see CPLR 3212[f]; Guo Ping Gu v Malaxos, 192 AD3d 1087, 1087).
V. Undecided Issues
CDW contends that the Supreme Court should have granted those branches of its motion which were for summary judgment dismissing Koumantaros's cross-claims for contractual indemnification and alleging breach of contract for failure to procure insurance insofar as asserted against it. However, since the Supreme Court did not address those issues, those branches of CDW's motion are pending and undecided, and those contentions are not properly before this Court (see 101CO, LLC v Sand Land Corp., 189 AD3d 942, 944).
VI. Conclusion
In light of the foregoing, the order is modified, on the law, by deleting the provision thereof denying those branches of CDW's motion which were for summary judgment dismissing the cross-claims of Ideal, JSK, the Argyros defendants, and Koumantaros for contribution and common-law indemnification insofar as asserted against it, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from.
CONNOLLY, J.P., CHRISTOPHER and WOOTEN, JJ., concur.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant CDW Carpentry, Inc., which were for summary judgment dismissing the cross-claims of the defendant Ideal Builders and Construction Services, Inc., the defendant J.S.K. Construction Corp., the defendants John Argyros and Dana M. Argyros, and the defendant Cindy Koumantaros for contribution and common-law indemnification insofar as asserted against it, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff Salvador Velazquez-Guadalupe, the defendant Ideal Builders and Construction Services, Inc., and the defendant Cindy Koumantaros, payable by the defendant J.S.K. Construction Corp.
ENTER:
Maria T. Fasulo
Clerk of the Court

Footnotes

Footnote 1:Effective December 30, 2022, Workers' Compensation Law § 11 was amended by the Justice for Injured Workers Act (L 2022, ch 835, § 3). Workers' Compensation Law § 11(1) contains, with one minor change, the previous text of Workers' Compensation Law § 11. Notably, Workers' Compensation Law § 11(2), which is an entirely new provision of law, states that a "[d]etermination by the board shall not be given collateral estoppel effect in any other action or proceeding arising out of the same occurrence, other than the determination of the existence of an employer employee relationship." Since the amendments to Workers' Compensation Law § 11 do not change those provisions concerning contribution or indemnification, the amendments do not affect the outcome of this matter presently before us.

Footnote 2:Moreover, to the extent that Koumantaros, Ideal, the Argryros defendants, and the Hephaistos entities contend that the doctrine of collateral estoppel did not preclude them from challenging the WCB's finding of an employer-employee relationship between CDW and Velazquez-Guadalupe, and that triable issues of fact existed on that question, the recently enacted Workers' Compensation Law § 11(2) establishes that a "[d]etermination by the board shall not be given collateral estoppel effect in any other action or proceeding arising out of the same occurrence, other than the determination of the existence of an employer employee relationship."